STATE of Wisconsin, Plaintiff-Respondent,

v.

Matthew FIRKUS, Defendant-Appellant.

Supreme Court

*No. 83–556–CR. Argued February 1, 1984.—Decided June 13, 1984.*

(Also reported in 350 N.W.2d 82.)

For defendant-appellant there were briefs and oral argument by *Charles Bennett Vetzner,* chief, appellate division of state public defender.

For the plaintiff-respondent the cause was argued by *Kirbie Knutson,* assistant attorney general, with whom on the brief was *Bronson C. La Follette.*

HEFFERNAN, C.J.   This case is before the court on certification of the court of appeals, as an appeal from a non-final order of the circuit court for Portage county, Frederic W. Fleishauer, Circuit Judge, entered on March 23, 1983.

The question certified is important in the administration of the criminal law—at what point is a convicted misdemeanant entitled to release from custody pending a resolution of the case in the court of appeals.

We conclude that, in construing sec. 969.01(2)(b), Stats., in a manner consistent with the public policy, we should avoid an interpretation that will require a person sentenced to incarceration for a short term of necessity to serve his sentence before guilt or innocence can be reviewed on appeal. In recent cases we have interpreted appeal and release statutes to mean that the point in the appellate process sufficient to entitle a defendant to release is reached when an indigent defendant applies to the office of the public defender for appellate representation and the trial judge is informed of that fact. We apply the same rule in this case.

Accordingly, we reverse the order of the trial court which, in reliance upon *State v. Smith,* 100 Wis. 2d 317, 302 N.W.2d 54 (Ct. App. 1981), denied release (denied stay of execution of the thirty-day sentence). We overrule *State v. Smith,* which held that "upon appeal" in sec. 969.01(2)(b), Stats.,[1] means when a notice of appeal is filed.

The defendant, Matthew Firkus, was charged with operating a motor vehicle on November 2, 1982, while under the influence of an intoxicant. He pleaded not guilty in the circuit court for Portage county, and after a jury trial he was found guilty on February 22, 1983.

He was sentenced to thirty days confinement on March 7, 1983, but, because there was a dispute about whether the violation was his second or third, and the judge was unable to hear arguments on that day, the execution of sentence was stayed until April 7, 1983.[2] In the interim,

---

[1] Sec. 969.01(2)(b), Stats. 1979–80, interpreted by the *Smith* court, provides, "In misdemeanors, bail shall be allowed upon appeal." The section was amended by Laws of 1981, ch. 183, sec. 5, effective April 15, 1982, to read, "In misdemeanors, release shall be allowed upon appeal."

[2] By order dated November 28, 1983, the trial court modified the imposed sentence to five days confinement.

the trial judge affirmed the sentence but continued the stay, with the sentence to commence on April 7, 1983. By March 14, 1983, the public defender had been contacted by the defendant, postconviction counsel had been appointed, and transcripts ordered. On March 15, 1983, the public defender moved for further stay or release pursuant to sec. 969.01(2)(b), Stats. By order dated March 23, 1983, Judge Fleishauer, relying on *Smith, supra,* denied an additional stay and denied bail until a notice of appeal had been filed.

Firkus petitioned the court of appeals, in its discretion, to accept the appeal of the nonfinal order. The court of appeals took jurisdiction of the appeal, ordered a stay of execution of the sentence, and certified the appeal to this court. Certification was requested because *State v. Smith,* which requires the filing of a notice of appeal as a prerequisite to the right of the release of an appealing misdemeanant, has never been reviewed by this court. Review of *Smith* was denied, yet several cases in this court have, in the interim, reached conclusions inconsistent with *Smith.* Arguably, then, *Smith* has been *sub silentio* overruled, although it remains the published and, apparently, the controlling precedent. The court of appeals pointed out in its certification that, under the law as it apparently exists, a misdemeanant can, and usually will, serve the imposed sentence even before bail can be requested under the *State v. Smith* interpretation of sec. 969.01(2)(b), as urged by the state here. We accepted certification by order dated October 11, 1983.[3]

---

[3] This case is now technically moot, for, on December 15, 1983, Firkus filed a notice of appeal. Consequently, he is entitled to release, for the case is "upon appeal" under the rationale of *State v. Smith.* Because we consider the question one of substantial importance that will surely recur, we address the merits of the appeal and the issues certified to us. *See, State ex rel. LaCrosse Tribune v. Circuit Court,* 115 Wis. 2d 220, 340 N.W.2d 460 (1983).

There are at least three reasons why *Smith* should be reexamined. First, there has been a statutory change in sec. 969.01(2)(b), Stats. Arguably, it is a change without significant meaning. The statute has been amended to provide: "(b) In misdemeanors, ~~bail~~ *release* shall be allowed upon appeal." The legislative history accompanying Senate Bill 738, which incorporated the change, stated that the definition of "bail" was to indicate that the term refers to "nonmonetary" conditions of release. This is contrary to the definition of bail in sec. 969.001(1), which states that " 'Bail' means monetary conditions of release." Consistent with what the legislature noted as a difference, where the legislature referred to "bail," it meant to refer to "release" as being a nonmonetary condition of release.

Nevertheless, the change is not inconsistent with a legislative intent to grant release in case of misdemeanors irrespective of monetary ability. It might be construed to be a legislative direction that, "upon appeal," release is mandatory and cannot be conditioned upon the possibility of a pecuniary forfeiture. We make no decision in that respect in this opinion. The change in the statute is not helpful in resolving the fundamental question—the meaning of the phrase, "upon appeal"— but it is apparent that the change is more likely to represent a legislative willingness to expand the right of release for a misdemeanant who seeks relief in an appellate court than to constrict it.

Second, we conclude that the court of appeals erred when it interpreted the phrase, "upon appeal," to be unambiguous; and to correct that error, *Smith* should be reexamined.

The fact situation in *Smith* was substantially similar to the present one. Smith argued that, when he notified the public defender that he wanted publicly compensated counsel to defend him (or when he ordered a transcript),

the matter was "upon appeal," as contemplated by sec. 969.01(2)(b), Stats. The court of appeals stated that the statutory language and definitions made clear that "upon appeal" meant upon the filing of a notice of appeal. "Appeal," the court of appeals pointed out, "means a review in an appellate court by appeal or writ of error . . . ." *Smith* at 321–22. It then went on to conclude that, "An appeal does not exist when defendant begins to *contemplate* taking an appeal." (Emphasis supplied.) *Id.* This is a characterization that is not fully consistent with the action that the public defender would have trigger the status of "upon appeal"—the actual request to the public defender for representation. Surely, this is more than contemplation. Moreover, the court of appeals in *Smith* would have the phrase, "upon appeal," refer only to the posture of a case following the filing of a notice of appeal. However, a notice of appeal is not defined in the statutes as creating that status for a case. Rather, as sec. 809.10(1)(a) provides, the filing of a notice of an appeal "initiate[s]" an appeal in the sense that, after filing, the appellate court has "jurisdiction over the appeal." Sec. 809.10(1)(b). This question—whether or not an appellate court has jurisdiction—is not necessarily relevant to when a misdemeanant has the right to release. When sec. 969.01(2)(b) is read in conjunction with sec. 809.30(1)(c) and sec. 809.30(1)(d),[4] it is apparent that the approach taken by the court

---

[4] "809.30 **Rule (Appeals in felony cases).** (1) APPEAL OR POSTCONVICTION MOTION BY DEFENDANT.

"(c) If the defendant claims or appears to be indigent and wishes to have publicly compensated counsel to represent the defendant in seeking postconviction relief, the defendant shall notify the state public defender within 45 days of the date of sentencing or imposition of fine or probation. The state public defender shall determine the defendant's indigency and appoint counsel as provided in ch. 977, and at the same time shall request the

of appeals in respect to the meaning of "upon appeal" was not unreasonable or irrational. However, as we have sought to demonstrate above, it is an interpretation with which there can reasonably be a disagreement; and it is an interpretation which we believe to be contrary to legislatively approved public policy.

Reasonable, well informed individuals could construe the phrase, "upon appeal," as being the status of a case subsequent to the time a notice of appeal is filed or they could construe it to mean as being the status of the case after the time the appellate process is put in motion, not just "contemplated," by the request to the public defender for appellate review pursuant to sec. 809.30(1) (c) or the order for a transcript pursuant to sec. 809.30 (1)(d). Contrary to the statement of the court of appeals in *Smith*, we conclude that the phrase, "upon appeal," is ambiguous.

While we think it was an ambiguous phrase even when *Smith* was mandated, and perhaps review should have been granted by this court at that time, the ambiguity is clearly apparent now as the result of the gloss put upon the statutes by intervening cases in this court. Thus, the third reason why *Smith* should be reexamined is that our cases since *Smith* have not been wholly consistent with it.

In *In the Interest of J.D.*, 106 Wis. 2d 126, 315 N.W. 2d 365 (1982), this court reversed the court of appeals, in a termination of parental rights case, which, consistent with its holding in *Smith*, held that the portion of sec. 48.43(6), Stats., requiring that "appeal shall be taken within 30 days of the date the order is entered,"

court reporter to prepare the transcript of notes of the proceedings in the case.

"(d) A defendant who desires to appeal or seek other postconviction relief without counsel or with retained counsel shall order a transcript of the reporter's notes within 45 days of sentencing or imposition of a fine or probation."

meant that a *notice of appeal* must be filed within thirty days. We said:

"[The court of appeals decision] would require the public defender to file the notice of appeal before having the transcript of the trial proceedings. That would be inconsistent with the mandate of the legislature establishing that the public defender's appeals be prosecuted by that office only if it is satisfied the appeal has arguable merit, sec. 977.05(4)(j). There is no way appellate counsel can determine if there is arguable merit for the appeal without either having been the trial attorney or reading the transcript." *J.D.*, 106 Wis. 2d at 132.

We said that "appeal shall be taken" meant the appeal process must be *commenced* in thirty days. Thus, we equated "appeal shall be taken" with commencement of the appeal process, which was the request to the public defender for appellate representation. Because the time limit for the appeal to be taken was thirty days, the request for representation could not be deferred for forty-five days, as in ordinary criminal proceedings, but must be made within thirty days.

Significantly, *J.D.*, contrary to *Smith, supra*, recognized that the appellate process did not commence only when a notice of appeal was filed.

In *In the Interest of M.T.*, 108 Wis. 2d 410, 412, 321 N.W.2d 289 (1982), we referred, in another termination of parental rights case, to the plaintiff's conduct which "commenced her appeal" as the notification to the public defender of the desire to appeal.

Thus, contrary to *Smith*, this court in two cases has equated the taking of an appeal or the starting of an appeal with the initial step required by the proceedings referred to in sec. 809.30(1)(c) or (d), Stats.

The *Smith* rule is ripe for reexamination. The phrase which *Smith* interpreted is ambiguous, the statute has been changed to some degree in the interim, and we

have decided cases subsequent to *Smith* that recognize that the triggering of the appellate process need not be the filing of the notice of appeal.

Because we think the statute to be ambiguous and because we have interpreted appellate time limitations in a manner giving deference to the provisions of sec. 809.30—the ordering of a transcript or contact with a public defender—we overrule *Smith,* primarily because its holding is not consistent with the public policy of allowing a convicted person a timely opportunity to secure relief from an allegedly illegal conviction or an excessive sentence.

Because the maximum sentence for a misdemeanant is typically one year or less,[4a] unless "upon appeal" is held to be synonymous with the very commencement of the appellate process, it is likely that many convicted misdemeanants will be obliged to serve their full sentence, and even if there is nominal vindication on appeal, that vindication will come too late to spare the defendant from serving a jail term.

Had the legislature wished to trigger the release rights of a misdemeanant only upon the filing of a notice of appeal, it could have said so. It did not. Nor did it use the words of art, "initiate an appeal," which appear in sec. 809.10(1), Stats. There is no reason to believe that the legislature, which has evinced concern for the "release" of misdemeanants contesting their convictions, would intentionally have defined "upon appeal" in such a way that the right to challenge incarceration would be meaningless. Also, it should be noted that, at the time sec. 969.01(2) was enacted in 1969, the first step in the appellate process for a misdemeanant was the filing of a notice of appeal. Sec. 974.01(2). That is no longer true, as sec. 974.01(2) was repealed and superseded by Laws of 1977, ch. 187.

---

[4a] The maximum sentence for a misdemeanor under the criminal code is nine months. Sec. 939.51(3)(a), Stats. Under the repeater statute, sec. 939.62(1)(a), Stats., a misdemeanor sentence could be increased to not more than three years. *See State v. Watkins,* 40 Wis. 2d 398, 401, 162 N.W.2d 48 (1968). Outside the criminal code, there are statutes providing for sentences of not more than one year. *See, e.g.,* secs. 13.27(2), 13.69 (3), 19.58(1), 29.221(2).

To illustrate the injustice of allowing a misdemeanant's release only following filing of a notice of appeal if "upon appeal" is construed in the manner urged by the state, we point out that sec. 809.40(1) requires that:

"An appeal . . . or a motion for postconviction relief in a misdemeanor case must be initiated within the time periods specified in s. 809.30 and are governed by the procedures specified in ss. 809.30 to 809.32."

Sec. 809.30 delineates the steps to be taken by a criminal defendant who seeks postconviction review.

The appellate time periods for private representation and public defender representation under sec. 809.30, Stats., are as follows:

| *Private Attorney or Pro Se* | *Public Defender* |
|---|---|
| 45 days after sentencing order a transcript; sec. 809.30(1)(d) | 45 days after sentencing request public defender appellate representation; sec. 809.30(1)(c) |
| | 60 days after public defender notified, shall determine indigency and appoint counsel; sec. 809.30(1)(c), Supreme Court Order 112 Wis. 2d xvii effective July 1, 1983 |
| 60 days after receipt of order of transcript, court reporter file transcript with trial court and serve copy on defendant; sec. 809.30(1)(e) | 60 days after receipt of order of transcript, court reporter file transcript with trial court and serve copy on defendant; sec. 809.30(1)(e) |
| 60 days after service of transcript file notice | 60 days after service of transcript, file notice |

of appeal or postcon-
viction motion for re-
lease; sec. 809.30(1)
(f)

of appeal or postcon-
viction motion for re-
lease; sec. 809.30(1)
(f)

165 days maximum    225 days maximum

The result of the procedure required under sec. 809.-30, Stats., is that one hundred sixty-five days will have passed before the notice of appeal or postconviction motion may be filed by the convicted misdemeanant. If the defendant intends to appeal certain evidentiary issues, he is obliged to file a postconviction motion within sixty days of receipt of transcript. Sec. 974.02. *State v. Monje,* 109 Wis. 2d 138, 325 N.W.2d 695 (1982). The trial court has sixty days following that to decide the postconviction motion. Sec. 809.30(1)(g). It is twenty days after that decision is rendered that a misdemeanant must file a notice of appeal. Sec. 809.30(1)(h). Thus, it is quite clear that sec. 809.30 clearly eviscerates the intent of sec. 969.01(2)(b) when construed as urged by the state. A misdemeanant sentenced to a short period of incarceration will never be in a position to invoke the statutory right to release until after the sentence has been served if "upon appeal" is defined as subsequent to the filing of a notice of appeal.

Misdemeanors under the criminal code are penalized by a maximum imprisonment of not more than nine months or approximately two hundred seventy days, unless increased as a penalty for habitual criminality. Sec. 939.51(3), Stats.; sec. 939.62(1), Stats. Good time credit received by the prisoner reduces this amount by about 25 percent, or about sixty-eight days. Sec. 53.43, Stats. Consequently, given good time, if a misdemeanant is sentenced to nine months in prison, he will at most have to serve about seven and a half months, or a little more than two hundred days. A glance at sec. 809.30 and the time periods charted above reveals that many mis-

demeanants will have completed their imposed sentence before they have completed the steps necessary to file a notice of appeal. As such, sec. 969.01(2)(b), created by the legislature to afford misdemeanants mandatory release upon appeal is rendered superfluous and meaningless if the construction urged by the state is given effect—that all the procedures and steps of sec. 809.30 must be complied with before a case is "upon appeal" by the eventual filing of a notice of appeal.

Section 969.01(2)(b), Stats., is intended to expedite the release of a convicted misdemeanant. Martineau and Malmgren, *Wisconsin Appellate Practice,* states, sec. 2707 B, p. 178, "Under 969.01(2)(b), the trial court is vested with no discretion to deny bail pending appeal in misdemeanor cases." The same text, sec. 2701, p. 166, points out that the rules, 809.30 *et seq.,* are designed to "streamline the procedure considerably." *See,* also, Judicial Council Committee's Note, 1978, 83 Wis. 2d xxxvi. Surely, it cannot be rationally argued that these "streamlined" procedures, which postpone the point at which a formal notice of appeal shall be filed, are to be used to punish a convicted misdemeanant by keeping him incarcerated during the lengthy period now required by *Smith* to "initiate an appeal." The procedures of sec. 809.30, *et seq.,* were designed to result in faster and better informed appeals, not to deny a misdemeanant of his liberty—liberty which a trial court has no discretion to deny once the appellate process is commenced.

A misdemeanant should be afforded the statutory right to pursue his appeal to the court of appeals before serving his sentence. In order to effectuate the legislative mandate that misdemeanants be released upon appeal and to make certain the section is not rendered meaningless by its interaction with sec. 809.30, an indigent is entitled to be released at the time he "commences" his

appeal, by writing the public defender's office asking for representation and informing the trial court of that fact. Sec. 809.30(1)(c). In the case of a nonindigent, he will be entitled to be released when he or his counsel orders a transcript and the court is so informed. Sec. 809.30 (1)(d). Either of these steps must be completed within forty-five days of the date of sentencing or imposition of fine or an appeal will not be timely commenced. Sec. 809.30(1)(c) and (d). This interpretation allows the appellate process to progress in an orderly and expeditious fashion and gives effect to the legislature's directive to release misdemeanants "upon appeal" pursuant to sec. 969.01(2)(b) without rendering the section superfluous.

When the misdemeanant confirms to the trial court that he has either written the public defender's office or ordered a transcript, the trial court has the obligation to release him under sec. 969.01(2)(b). The mandatory language of sec. 969.01(2)(b) removes any discretion from the trial court. This comports with this court's decisions in *In Interest of J.D.* and *In Interest of M.T.*, wherein the court harmonized the phrase, "appeal shall be taken" of sec. 48.43(6) with the phrase, "must be taken," of sec. 809.30 by concluding that an appeal must be "commenced" within thirty days of the date of the order terminating parental rights by asking the public defender's office for representation, if indigent, or by ordering a transcript if proceeding *pro se* or with privately retained counsel.

The state also argues that there is no indication that the legislature intended to give a misdemeanant "a reprieve from serving his sentence." Although the legislature has given discretion to the trial court in respect to granting bail for felons in sec. 969.01(2)(c), the language of sec. 969.01(2)(b) in respect to misdemean-

ors is mandatory. There is no discretion for the trial court. Misdemeanants shall be released upon appeal. This is a sufficient indication that the legislature indeed intended to give misdemeanants a reprieve from their sentence once the process for taking an appeal has commenced.

The state stated a concern that misdemeanants will fall between the cracks of the judicial system if "upon appeal" is given the interpretation set forth herein. Although the legislature has mandated that a trial court release a misdemeanant after conviction and upon appeal, it has not prevented the trial court from imposing conditions of release, *e.g.*, such as setting a date certain at which the misdemeanant must appear in court to report the progress of the appeal. If at any time the misdemeanant fails to appear or it becomes apparent that the appeal is not being pursued, *i.e.*, the case is no longer in fact "upon appeal," then the trial court may in its discretion order execution of the sentence.

*By the Court.*—Order reversed.[5]

---

[5] Because the appeal is moot, no further consideration in the trial court of the order appealed is appropriate.