STATE of Wisconsin, Plaintiff-Respondent,

v.

Richard LIPKE, Defendant-Appellant.

Court of Appeals

*Nos. 93–1984–CR, 94–0068–CR. Submitted on briefs May 16, 1994.—Decided July 6, 1994.*

(Also reported in 521 N.W.2d 444.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Margaret A. Maroney*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief *John Jorgensen*, assistant district attorney.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J.   Richard Lipke appeals from a judgment of conviction for operating after revocation and a postconviction order clarifying that the sentence imposed was consecutive to any other sentence Lipke was to serve. This court also granted leave to appeal the order setting cash bond as a condition of release pending appeal.

Lipke argues that the sentence imposed was to be concurrent rather than consecutive to any other sentence. We affirm the judgment and postconviction order because we hold that the sentence was not invalid and the consecutive sentence does not place Lipke in double jeopardy. Lipke also argues that because he is indigent, the court erred by setting cash bond as a condition of his release pending appeal. We agree and reverse that order.

FACTS

The material facts of this case are not disputed. Lipke was charged as a habitual traffic offender for

361

operating a motor vehicle after revocation contrary to §§ 343.44 and 351.08, STATS. On June 3, 1993, Lipke pled no contest to the charge of operating after revocation pursuant to a plea agreement, whereby the State moved to dismiss the habitual traffic offender charge and agreed to recommend a $2000 fine and remain silent regarding any jail time.

The trial court accepted Lipke's plea on the operating after revocation charge and sentenced him to thirty days in jail. The trial court did not know that fifteen minutes earlier a different branch had sentenced Lipke to seventy-five days in jail on an unrelated charge. When asked by the court when he could begin serving the thirty-day sentence, Lipke stated that he could begin the next day at 4:00 p.m. The judgment of conviction, dated June 3, 1993, provided that "[a]ny sentence imposed by this order is imposed <u>consecutive</u> to any previously or simultaneously imposed sentence."

Approximately twenty days later, Lipke moved for an order that the thirty-day sentence be concurrent to any other sentence. Lipke argued that the court's *oral* statement at sentencing did not state that the sentence be served consecutively. The court found the oral pronouncement ambiguous and, examining the record as a whole, indicated that its intent was to make the sentence consecutive. The court held that the sentence was consecutive to any other sentence, reasoning that if it had known of the previous sentence, it would have explicitly stated that the imposed sentence be served consecutively.

Lipke then moved the court to set bond pending appeal. At the hearing, the State took no position on the motion except to state that Lipke had a history of failing to appear before the court. The State recited five dates on which it alleged Lipke failed to appear before

362

the court. The court set a $500 cash bond for release pending appeal. Lipke then moved the court to determine whether cash bond could be imposed in light of his alleged indigency. The court found Lipke indigent, but held that cash bond was necessary and appropriate in this case because of Lipke's past appearance record. Lipke appeals.

## CONSECUTIVE OR CONCURRENT SENTENCE

[1]

The first issue involves the determination of a court's statutory authority to impose a consecutive sentence, a determination presenting a question of law that we decide without deference to the trial court. *State v. Woods,* 173 Wis. 2d 129, 136, 496 N.W.2d 144, 147 (Ct. App. 1992). Lipke argues that the trial court erred when it stated in the judgment of conviction that his sentence was consecutive to any other sentence, where the court's oral statement at sentencing was silent on the issue.

In § 973.15(2)(a), STATS., the legislature has very clearly provided that sentences may be either consecutive or concurrent and that it is the sentencing court that makes the decision. *State v. Paske,* 163 Wis. 2d 52, 62, 471 N.W.2d 55, 59 (1991). We conclude that Lipke "sandbagged" the court by not informing the court that he had been sentenced to seventy-five days in jail earlier that day. The court specifically asked Lipke when he could begin serving his sentence for the case at hand. Lipke made no mention of the sentence previously received, even though he had to have known that this information qualified the nature of his answer. Lipke cannot be allowed to take advantage of a situation which he caused by being less than candid with the court.

Even if we could say that Lipke was not obliged to inform the court of his other sentence, we would still affirm. Lipke cites *State v. Perry,* 136 Wis. 2d 92, 113, 401 N.W.2d 748, 757 (1987), for the proposition that if there is a conflict between an unambiguous oral pronouncement and the judgment of conviction, the oral pronouncement controls. This is a correct statement of the law; however, this rule only applies where the pronouncement **and** the judgment are *unambiguous* and *conflict.*

We explained in *State v. Brown,* 150 Wis. 2d 636, 443 N.W.2d 19 (Ct. App. 1989), that the rationale of *Perry* hinged upon the lack of ambiguity and the conflict created—*Perry* did not automatically subordinate written judgments to oral pronouncements. "The intent of the sentencing judge controls the determination of the terms of a sentence, and we look to the record as a whole to determine that intent." *Id.* at 642, 443 N.W.2d at 22. Therefore, we agreed with the federal courts addressing the issue that where the oral pronouncement is ambiguous, it is proper to look at the written judgment to ascertain the court's intention. *Id.* at 641- 42, 443 N.W.2d at 22. When applying this rationale to the facts of *Brown,* we noted that an *omission* in the oral pronouncement could create an ambiguity which would require the appellate court to determine the court's intent from other parts of the record, including the judgment of conviction. *Id.* at 642, 443 N.W.2d at 22.

That is precisely the situation we have in this case. Section 973.15(2)(a), STATS., gives the court the option of making a sentence consecutive or concurrent to

sentences imposed at the same time or previously. Obviously, because the trial court was not alerted about the other condition and sentence it did not exercise this option and failed to mention whether the sentence was to be served concurrently or consecutively to other sentences. The court's understandable failure to specify at sentencing whether the sentence would therefore be concurrent or consecutive creates an ambiguity because the statute obliges the court to make a selection. On the other hand, the judgment of conviction, issued the same day as the oral ruling, is unambiguous. The judgment clearly expresses the court's intent that the sentence is to be consecutive to any previously or simultaneously imposed sentence.

Lipke also argues that the modification of his sentence after he began serving it placed him in double jeopardy. As our holding above indicates, Lipke was sentenced on June 3, 1993, to serve a thirty-day sentence consecutive to all other sentences. That sentence was imposed by the judgment of conviction on that day; it was not modified by the trial court's or our later interpretations. The judgment already imposed thirty days, and the clarification of the judgment did not increase Lipke's sentence. Accordingly, we reject Lipke's double jeopardy argument.

BOND AS A CONDITION OF APPEAL WHERE DEFENDANT IS INDIGENT

The next issue which Lipke raises on appeal is whether the court could require him to post a $500 cash bond as a condition of release pending appeal of his misdemeanor conviction where the court found him indigent. Although this opinion concludes his appeal and moots any argument for release while it was pend-

ing, his argument is "one of substantial importance that will surely recur"; thus, we choose to address his argument. *See State v. Firkus,* 119 Wis. 2d 154, 157 n.3, 350 N.W.2d 82, 84 (1984). We conclude that the court may not impose monetary conditions of release for convicted indigent misdemeanor defendants.

We review the trial court's discretionary determination of the setting of cash bail pending appeal to ascertain whether the trial court misused its discretion. *See State v. Whitty,* 86 Wis. 2d 380, 388, 272 N.W.2d 842, 846 (1978). A trial court reasonably exercises its discretion where it examines relevant facts, applies proper standards of law, and, using a rational process, reaches a conclusion that a reasonable judge could reach. *State v. Sinks,* 168 Wis. 2d 245, 255, 483 N.W.2d 286, 290 (Ct. App. 1992).

Lipke argues that reading *State v. Barnes,* 127 Wis. 2d 34, 377 N.W.2d 624 (Ct. App. 1985), with *State ex rel. Pedersen v. Blessinger,* 56 Wis. 2d 286, 201 N.W.2d 778 (1972), "shows that it is permissible to set a cash bail as a condition of release only if the court determines the defendant has the ability to pay. Otherwise, 'it would be discriminatory to imprison him to coerce a performance he is unable to give. Under such conditions he is imprisoned because of his poverty.'" (Quoting *Pedersen,* 56 Wis. 2d at 295, 201 N.W.2d at 783.)

In *Barnes,* the defendant argued that cash bail[1] could not be ordered as a condition for release in a misdemeanor case because § 969.01(2)(b), STATS., provides that "release *shall* be allowed upon appeal."

---

[1] "Bail" is defined by § 969.001, STATS., as "monetary conditions of release." Presumably this includes the $500 cash bond ordered as a condition of release for Lipke.

*Barnes,* 127 Wis. 2d at 37, 377 N.W.2d at 625 (emphasis added). This court held that reading § 969.01 in its entirety showed that the court may set monetary conditions for release in addition to the concededly allowed nonmonetary ones. *Barnes,* 127 Wis. 2d at 38, 377. N.W.2d at 625-26. *Barnes* does not address whether an *indigent* defendant can be required to post cash bond as a condition for release.

*Pedersen* addressed the situation where an indigent defendant was convicted and fined for a traffic violation. The defendant could not pay the fine and was ordered to jail for a period of time or until he paid the fine. The court held that § 973.07, STATS., the statute authorizing imprisonment for the failure to pay fines, may violate the equal protection clause when applied to an indigent defendant. *See Pedersen,* 56 Wis. 2d at 295, 201 N.W.2d at 783. "In such a case, we hold it would be discriminatory to imprison [the person] to coerce a performance he [or she] is unable to give. Under such conditions [the person] is imprisoned because of his [or her] poverty." *Id.*

The focus of *Pedersen* was the constitutionality of substituting imprisonment for the court's sentence of a fine which remained unpaid, specifically where the defendant was indigent. *Id.* at 290, 201 N.W.2d at 781. Lipke's situation differs, perhaps significantly, in that we are concerned with the effect Lipke's indigency has upon his potential right to delay execution of the sentence pending appeal, not his right to receive the sentence announced by the court.

We conclude that *State v. Firkus,* 119 Wis. 2d 154, 350 N.W.2d 82 (1984), provides the missing pieces to this puzzle. The facts of *Firkus* are not comparable to this case, but its discussion of § 969.01, STATS., has direct impact. The court noted that § 969.01(2)(b) had

been amended to replace the word "bail" with the word "release." *Firkus,* 119 Wis. 2d at 158, 350 N.W.2d at 84. The court explained that this change "is not inconsistent with a legislative intent to grant release in case of misdemeanors *irrespective of monetary ability*." *Id.* (emphasis added). The court surmised that a possible construction of the statute would be that release is mandatory and cannot be conditioned upon the possibility of a pecuniary forfeiture. *Id.* However, the court explicitly declined to make a decision in that regard.[2] *Id.* Noting that the change was not helpful in resolving the meaning of the language at issue in *Firkus,* the court continued, "[I]t is apparent that the change is more likely to represent a legislative willingness to expand the right of release for a misdemeanant who seeks relief in an appellate court than to constrict it." *Id. Firkus* stated that "[a] misdemeanant should be afforded the statutory right to pursue his appeal to the court of appeals before serving his sentence." *Id.* at 165, 350 N.W.2d at 88. Finally, the court recognized that because the statute does not afford the trial court discretion to release a misdemeanant pending appeal, but rather release is mandatory, the legislature intended to give misdemeanants a reprieve from sentence. *Id.* at 167, 350 N.W.2d at 88.

Lipke has been denied this statutory right of release pending appeal for the solitary reason that he is indigent. This is not acceptable under *Firkus* and *Pedersen.* This is not to say that a finding of indigency precludes the court from considering any of the other factors under § 969.01(4), STATS. We understand the

---

[2] That is the precise question which this court answered in *State v. Barnes,* 127 Wis. 2d 34, 377 N.W.2d 624 (Ct. App. 1985), holding that monetary conditions of release were allowed.

court's concern that Lipke might be a flight risk because of his failure to appear at other hearings.[3] However, in such circumstances the trial court could reduce this risk by imposing nonmonetary conditions of release. *See Firkus,* 119 Wis. 2d at 167, 350 N.W.2d at 88. Accordingly, we conclude that the court misused its discretion by using an improper standard of law in its conclusion that it had the authority to impose a cash bond of $500 for release of an indigent misdemeanant. We reverse the order authorizing the cash bond.

*By the Court.*—Judgment and order affirmed; order reversed.

---

[3] Lipke's brief also argues that the court misused its discretion in relying upon the State's assertion that Lipke missed five court appearances, which he alleges were not of record. However, Lipke failed to raise this alleged error in the court below. This court will not consider issues raised for the first time on appeal which were not considered by the trial court. *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140, 145 (1980).