STATE of Wisconsin, Plaintiff-Respondent,

v.

Timothy TAYLOR, Defendant-Appellant.

Court of Appeals

*No. 96–0857–CR. Submitted on briefs June 13, 1996.—Decided October 23, 1996.*

(Also reported in 556 N.W.2d 779.)

On behalf of the defendant-appellant, the cause was submitted on the brief of *Peter S. Hayes* of *Peter S. Hayes Law Office* of Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Mark P. Dooley*, assistant district attorney.

Before Anderson, P.J., Brown and Nettesheim, JJ.

NETTESHEIM, J.   Timothy Taylor, an indigent convicted misdemeanant, appeals from the trial court's nonfinal order imposing cash bail as a condition of his release pending appeal. Relying on *State v. Lipke*, 186 Wis. 2d 358, 521 N.W.2d 444 (Ct. App. 1994), Taylor argues that a trial court may not impose cash bail against an indigent misdemeanant appellant.

The trial court determined, however, that Taylor was not indigent. Alternatively, the trial court ruled that the *Lipke* language upon which Taylor relied was dicta.

We reverse the trial court's determination that Taylor was not indigent. We also reverse the trial court's ruling that the bail discussion in *Lipke* was dicta. However, pursuant to *State v. Barnes*, 127 Wis. 2d 34, 377 N.W.2d 624 (Ct. App. 1985), we nonetheless conclude that a court may impose cash bail against an indigent misdemeanant as a condition of release pending appeal. We remand for the trial court to reassess the question of bail pending Taylor's appeal.

## FACTS

Following his conviction for misdemeanor battery as a party to the crime, Taylor filed a notice of intent to pursue postconviction relief and a motion for release pending appeal. At the bail hearing, Taylor contended that he was indigent. The evidence demonstrated that Taylor was represented by a public defender, owned no property, was not employed, had no other income and was currently serving a county jail sentence on a different conviction. Based on those factors, Taylor argued that pursuant to *Lipke* the trial court could not impose cash bail as a condition of his release pending appeal.

Rejecting Taylor's arguments, the trial court first ruled that Taylor was not indigent. The trial court held that an indigency determination for purposes of public defender representation did not establish indigency for purposes of bail pending appeal. The trial court also employed a "shirking" analysis, reasoning that because Taylor was able-bodied and could have worked in the past, he was not indigent at the present time.

Second, the trial court ruled that even if Taylor was indigent, it was not bound by *Lipke* because the bail discussion in that decision was dicta. Instead, the trial court relied on the rationale of *Barnes*, which held that cash bail can be imposed as a condition of release pending appeal of a misdemeanor conviction.

Third, the trial court ruled that even if *Lipke* was not dicta, it was an incorrect statement of the law. Here again, the trial court cited the *Barnes* rationale.

The trial court imposed cash bail of $1000 as a condition of Taylor's release pending appeal. We previously granted Taylor's petition for leave to appeal the court's bail ruling.

## DISCUSSION

### 1. *Taylor's Indigency and "Shirking"*

Taylor disputes the trial court's threshold ruling that he was not indigent because of his shirking history.[1] For purposes of this issue, we will accept the

---

[1] We agree with the trial court's reasoning that an indigency determination for purposes of public defender representation does not per se govern an indigency determination for purposes of bail. However, a defendant's status under the public defender's criteria may well be one of the relevant factors for a trial court to consider under § 969.01

trial court's determination that Taylor's history established a pattern of shirking.

■ The bail statute, § 969.01(4), STATS., amended by 1995-96 Wis. Act 77, § 665, requires the trial court to consider a multitude of factors in setting bail. Insofar as economic factors are concerned, the statute says that the court shall consider "the ability of the [defendant] to give bail." *Id.* This, we conclude, necessarily refers to the defendant's current economic status, not the defendant's prior lack of industriousness. Unless the defendant's prior shirking raises a legitimate concern that the defendant may not appear in the future or otherwise relates to any of the other statutory factors, we conclude that such prior conduct is not relevant to a bail determination. Here, the trial court's remarks did not suggest that Taylor's prior shirking raised the prospect of his not appearing at future proceedings. Nor did the court link Taylor's shirking with any of the other relevant factors bearing on the conditions of Taylor's release.

■ The evidence presented at the bail hearing clearly established that Taylor was without the financial ability to post cash bail. However, the court's shirking analysis artificially imbued Taylor with such ability. As a result, the court's bail determination was based upon an incorrect premise as to Taylor's ability to meet the cash bail requirement. Thus, we are compelled to reverse this portion of the court's bail ruling.

Ordinarily, our holding would require us to remand this case for the court to reassess bail under a correct view of the law and the facts. Taylor contends,

(4), STATS., amended by 1995-96 Wis. Act 77, § 665, the bail statute.

however, that a remand is not required since *Lipke* holds that a trial court cannot, as a matter of law, impose cash bail as a condition of release pending a misdemeanor appeal. We now move to that question.

### 2.   *Lipke as Dicta*

Relying on *Lipke*, Taylor argued that the trial court could not set cash bail as a condition of his release pending appeal. In *Lipke*, an indigent misdemeanant appellant challenged the trial court's imposition of cash bail as a condition of release pending appeal. *Lipke*, 186 Wis. 2d at 365, 521 N.W.2d at 446. The court of appeals ruled that a trial court may not impose cash bail as a condition of release when the appellant is indigent. *Id.* at 366, 521 N.W.2d at 447.

The trial court in this case ruled, however, that the bail discussion in *Lipke* was dicta. In support, the trial court observed that the bail discussion in *Lipke* followed the court of appeals' earlier rejection of Lipke's substantive challenges to his conviction. *Id.* at 363-65, 521 N.W.2d at 445-46. Having ruled that *Lipke* was dicta, the trial court relied on this court's holding in *Barnes*, 127 Wis. 2d at 39-40, 377 N.W.2d at 626, that cash bail may be imposed as a condition of release pending a misdemeanor appeal.

We disagree with the trial court's ruling that the bail discussion in *Lipke* is dicta. The *Lipke* court expressly recognized that its prior rejection of Lipke's substantive challenges to his conviction disposed of the appeal and that its ensuing discussion of the bail issue was not necessary to the case. *Lipke*, 186 Wis. 2d at 365, 521 N.W.2d at 447. Nonetheless, the court chose to address the bail issue because it was "one of substantial importance that will surely recur." *Id.* at

366, 521 N.W.2d at 447. When an appellate court intentionally takes up, discusses and decides a question germane to a controversy, such a decision is not a *dictum* but is a judicial act of the court which it will thereafter recognize as a binding decision. *State v. Holt*, 128 Wis. 2d 110, 123, 382 N.W.2d 679, 686 (Ct. App. 1985). Thus, the *Lipke* bail discussion was not dicta.

Ironically, this case demonstrates our very point. This appeal was inspired by Taylor filing a notice of intent to pursue postconviction relief in the trial court and his concomitant request for bail pending appeal. However, we judicially notice that thereafter Taylor never filed a motion for postconviction relief in the trial court or a notice of appeal with this court. Nor do these records reflect an order extending the time deadlines for such filings. It thus appears that the entire question of Taylor's entitlement to release pending appeal is likely moot since he appears to have abandoned his appeal. Nonetheless, we choose to address the issues raised on this appeal because they are of substantial importance and they are likely to recur. Since we choose to do so, our discussion in this case, like the discussion in *Lipke*, is not dicta.

A subtle, but important, distinction exists between dicta and mootness. "Dicta" is language which is broader than necessary to determine an issue. *State ex rel. Schultz v. Bruendl*, 168 Wis. 2d 101, 112, 483 N.W.2d 238, 241 (Ct. App. 1992). "Mootness" exists when the matter in dispute has already been resolved and is not entitled to judicial intervention *unless the issue is a recurring one and likely to be raised again between the parties.* BLACK'S LAW DICTIONARY 1008 (6th ed. 1990) (citing *Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115 (1974)). *See also State ex rel. La Crosse*

*Tribune v. Circuit Court*, 115 Wis. 2d 220, 228-30, 340 N.W.2d 460, 464-65 (1983).

Thus, dicta deals with language while mootness deals with issues. Here, the trial court erroneously equated the two concepts. One of the issues which the *Lipke* court chose to discuss (despite the potential for mootness) was whether cash bail pending appeal could be imposed against an indigent misdemeanant. None of the court's language in the course of that discussion was broader than necessary to decide that issue. Thus, the language was not dicta. Moreover, the court chose to address the bail issue because the question was likely to recur. *Lipke*, 186 Wis. 2d at 366, 521 N.W.2d at 447. This is one of the recognized exceptions to mootness. BLACK'S LAW DICTIONARY 1008, *supra*; *La Crosse Tribune*, 115 Wis. 2d at 229, 340 N.W.2d at 464. We therefore reverse the trial court's holding that the bail discussion in *Lipke* is dicta.

As with the first issue, our holding on this question also does not conclude this case because the trial court further ruled that *Barnes*, not *Lipke*, represented the correct law on the question. We now address that issue.

### 3. *Lipke and Barnes*

In *Barnes*, the trial court imposed cash bail as a condition of release pending Barnes' appeal of a misdemeanor conviction. *Barnes*, 127 Wis. 2d at 37, 377 N.W.2d at 625. On appeal, Barnes argued that the plain language of § 969.01(2), STATS. ("release shall be allowed upon appeal"), barred such a monetary condition of release. *Barnes*, 127 Wis. 2d at 37, 377 N.W.2d at 625. The court of appeals rejected Barnes' argument. That court noted the incongruous result produced by Barnes' argument:

We would create a situation where a person charged with a misdemeanor but presumed innocent could be required to post a cash bond as a condition of release. After being found guilty and convicted, however, that person could not . . . be required to post a cash bond as a condition of release pending appeal. We will not construe the statute so as to allow such an absurd and unreasonable distinction between the accused and the convicted.

*Id.* at 39-40, 377 N.W.2d at 626 (citation omitted).

The premise of *Barnes* is that, in the appropriate exercise of discretion, a trial court may impose cash bail against a defendant *charged* with a misdemeanor. The bail statutes reveal that this premise is correct. Section 969.01(1), STATS., empowers the trial court to set bail together with other conditions of release. Section 969.001(1), STATS., defines "bail" as "monetary conditions of release." Moreover, § 969.01(4) says that the ability to post cash bail is but one of a multitude of factors which bears upon the bail determination. Therefore, in the appropriate exercise of discretion, cash bail is permitted as a condition of release where the defendant stands charged with a misdemeanor.

*Barnes* concluded that it would be illogical to permit the imposition of cash bail against one merely accused of a misdemeanor, but to bar such an imposition after the defendant was convicted and took an appeal. *Barnes*, 127 Wis. 2d at 39-40, 377 N.W.2d at 626. *Barnes*, however, did not present an indigent appellant whereas *Lipke* did. Thus, on the surface, it appears that *Lipke* should govern this case. However, we note that the bail statutes make no distinction between an indigent and nonindigent defendant.[2] Nor

---

[2] Section 969.01(4), STATS., does not speak of indigency; rather it speaks of the defendant's ability to give bail. Thus, this

does § 969.01(4), STATS., say that the inability to post cash bail trumps all the other relevant factors. Rather, the statute only cautions that a monetary condition of release should be tailored to an "amount found necessary to assure the appearance of the defendant." *Id.*

From this examination of the bail statutes, we conclude that cash bail is not prohibited as a matter of law against an indigent convicted misdemeanant who takes an appeal. We construe *Lipke* to mean that where there is no risk that an indigent defendant will not appear for further proceedings, the imposition of cash bail as a condition of release pending appeal is inappropriate.

Moreover, if we gave a literal meaning to *Lipke*, we would produce the illogical result which *Barnes* avoided. The indigent defendant could be subjected to cash bail while charged, but entitled to release without cash bail upon conviction and an appeal. We therefore hold that a trial court may, in the appropriate exercise of discretion, impose cash bail as a condition of release pending appeal against a convicted misdemeanant.

## CONCLUSION

We affirm the trial court's determination that a trial court may impose cash bail as a condition of release pending appeal in a misdemeanor case. However, because the court erroneously determined that Taylor was not indigent, we reverse the bail

---

factor does not pertain to just indigent defendants against whom cash bail is imposed. It also pertains to nonindigent defendants who are subjected to cash bail beyond their financial means.

ruling. We remand for the court to reassess Taylor's bail pending appeal if Taylor has not abandoned his appeal.[3]

*By the Court.*—Order reversed and cause remanded.

---

[3] Because the situation bearing on Taylor's release pending appeal may be different now than at the time of the original hearing, the trial court may conduct a new bail hearing on remand.