# COURT OF APPEALS
## DECISION
## DATED AND FILED

### July 11, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP579**

Cir. Ct. No. **2013FA3913**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT I**

MARIKA ERIN MCGHEE JONES, N/K/A MARIKA EDWARDS,

PETITIONER-APPELLANT,

V.

CHARLES EVANS JONES, JR.,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Milwaukee County: CAROLINA STARK, Judge. *Reversed and remanded for further proceedings*.

Before Brash, C.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Marika Erin McGhee Jones, n/k/a Marika Edwards (hereinafter "Edwards"), *pro se*, appeals an order of the circuit court dismissing her motion for contempt. Specifically, Edwards argues that the circuit court erred in concluding that it could not hold her former husband, Charles Evans Jones, Jr., in contempt for failing to pay a portion of health insurance premiums for their minor child. Edwards also seeks to appeal an earlier order of the circuit court dismissing the parties' remaining motions for lack of jurisdiction. First, we conclude that we only have appellate jurisdiction over Edwards' challenge to the circuit court's order regarding Edwards' motion for contempt. Second, because we conclude that Judge Stark erroneously exercised her discretion by relying on Judge Rosa's written order, rather than his oral order regarding the health insurance premiums, we reverse the circuit court's dismissal of Edwards' motion for contempt regarding insurance premiums and remand for further proceedings.[1]

## BACKGROUND

¶2 This appeal arises out of a divorce filed in the Milwaukee County Circuit Court on June 5, 2013. The circuit court orally granted the parties a judgment of divorce following a court trial on May 5, 2015, and then entered written findings of fact, conclusions of law, and judgment on June 23, 2015.

¶3 During the May 5 trial, the circuit court made the following order regarding premiums for the minor child's health insurance:

---

[1] The Honorable Frederick C. Rosa presided over the divorce trial and granted the parties a judgment of divorce in 2015. The Honorable Carolina Stark issued the orders in 2020 and 2021 that Edwards seeks to appeal. We refer generally to the judges in this case as the circuit court, but also refer specifically to Judge Rosa's determinations when helpful for clarity.

As to health insurance for the child, I'm going to order that both [Edwards and Jones] provide the coverage for the child if available at a current or future employer or elsewhere at a reasonable cost. In the event that father is unable to provide coverage, he will be required to pay half the cost difference between mother's single and family coverage in lieu of providing his own coverage.

The transcript of the May 5 trial is attached as an addendum to the findings of facts, conclusions of law, and judgment. That document states that "[t]he [c]ourt's decision as a result of the trial in Judge Frederick C. Rosa's court on May 5, 2015, is … incorporated by attachment as the judgment of this court."

¶4  The record reflects a number of disputes between Edwards and Jones in the years following that judgment of divorce. Relevant to this appeal are two motions filed by Edwards: a motion to show cause for a finding of contempt filed on June 14, 2018, which Edwards amended on November 12, 2018, and a motion to change legal custody, physical placement, child support, arrears payment, and travel arrangements filed on November 12, 2018. Edwards' initial motion for contempt did not mention health insurance costs, but alleged that Jones failed to provide her with a health insurance card for her son. In Edwards' amended motion for contempt, she stated that Jones "was court ordered to do the following and has failed to do so: Pay uninsured medical bills/variable costs the total amount of $1,019.93." Edwards' attached affidavit states that Jones failed to reimburse her for health care premium expenses in the amount of $947.30 from June 2018 to December 2018, and out of pocket healthcare costs in the amount of $47.63 from September 2017 to December 2018."

¶5  On January 9, 2020, the circuit court held a hearing on Edwards' motion to change legal custody, physical placement, child support, arrears payment, and travel arrangements. During that hearing, the court determined that

it lacked exclusive continuing jurisdiction over these issues pursuant to WIS. STAT. § 822.22 (2021-22),[2] because both of the child's parents resided in Florida at that time. In an order dated September 24, 2020, the court stated that it was "not going to take any other action about custody, placement, or child support." Instead, the court stated that "if the parties wish to pursue that, it appears that the proper state that would have jurisdiction is Florida." The court further stated that "[t]he court's decision regarding jurisdiction for the legal custody, physical placement and child support issues brings those issues to a final conclusion in this court of the State of Wisconsin, and this court scheduled no future action for those issues." At the end of the court's order, in bold, the court stated, "[t]his is a final order for purpose of appeal on the issues of jurisdiction for legal custody, physical placement and child support and on the issue of payment of GAL fees."

¶6    The circuit court further stated that it retained jurisdiction over Edwards' pending motion for contempt. In October 2020, the court conducted a hearing on most of the issues raised by the contempt motion.[3] At the conclusion of the hearing, Edwards informed the court that it had overlooked her allegation regarding Jones' failure to pay a portion of the premiums for the child's health insurance. The court stated that it had misunderstood that aspect of Edwards' motion, but would address that issue in its final written decision.

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] The record only contains a transcript from the hearing on October 8, 2020. However, the transcript indicates that the court also conducted an evidentiary hearing on October 6, 2020. The transcript from the October 6 evidentiary hearing does not appear to be part of the appellate record. It is the responsibility of the litigant to provide citation to the record. *See* WIS. STAT. § 809.19(1)(d)-(e).

¶7     The circuit court issued its final written decision on the motion for contempt on January 19, 2021.  As is relevant to this appeal, the court dismissed Edwards' motion for contempt regarding Jones' non-payment of health insurance premiums.  Edwards filed a notice of appeal of this aspect of the court's order on March 31, 2021.  The notice of appeal stated that

> Notice is hereby given that Marika Edwards appeals to the Court of Appeals, District [I], from a part of the final judgment or order, entered on Jan 19, 2021 in the circuit court for Milwaukee County, the Honorable Carolina Stark, presiding, in favor of Charles Jones, and against Marika Edwards, wherein the court ordered that Mr. Jones does not have to obtain health insurance or pay 1/2 of my health insurance premiums.

## DISCUSSION

¶8     Edwards identifies three issues for appeal in her brief to this court:

1     Did the trial court err in ruling that Mr. Jones was not obligated to pay 1/2 of our son's health insurance costs from 2015-21, as ordered on May 5, 2015?

2     Did the trial court err in ruling that W[isconsin] did not have jurisdiction to modify the child support between the dates of October 2018 through January 2020?

3     Did the trial court err in ruling that W[isconsin] could not modify the travel arrangements and costs from 2016, 2018, 2020, and 2021?

¶9     At the outset, we note that Jones has not submitted a respondent's brief.  On September 24, 2021, we informed Jones that his brief was delinquent, extended his time to file a response brief, and "cautioned [him] that failure to file a respondent's brief puts the appeal at risk for summary reversal because failure to file such a brief tacitly concedes error."  Instead of submitting a brief, Jones submitted a letter stating that he "dispute[s] and disagree[s] with all charges,

5

claims, and statements made by Edwards." We informed Jones that this letter did not satisfy his obligation to file a respondent's brief under WIS. STAT. RULE 809.19(3), and we again extended the deadline for Jones to file a brief. Jones subsequently filed a motion to extend the deadline a second time, which we granted. Despite yet another extension of time, which we ordered on our own initiative, Jones did not file a brief. Therefore, on April 26, 2022, we issued an order submitting the appeal for disposition without a respondent's brief.

¶10 As we informed Jones, his failure to file a respondent's brief is deemed a concession of error and could result in summary reversal. *See* WIS. STAT. RULE 809.83(2); *State ex rel. Blackdeer v. Township of Levis*, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993). We could, therefore, decide any properly raised issues in Edwards' favor on that basis alone, assuming that we have jurisdiction over Edwards' appeal.

¶11 First, we address the question of whether this court has jurisdiction over all of the issues raised in Edwards' brief. A court must raise questions of subject matter jurisdiction even if the parties do not. *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶21, 339 Wis. 2d 291, 811 N.W.2d 351. Jones' failure to file a respondent's brief does not obviate our obligation to determine whether we have jurisdiction over the issues raised in Edwards' appeal, because subject matter jurisdiction cannot be obtained by a party's waiver or consent. *Id.*

¶12 Specifically, we analyze whether we have jurisdiction over the second and third issues that Edwards lists in her brief, which relate to the circuit court's determination that it lacked continuing exclusive jurisdiction over matters relating to custody, placement, and child support. The court issued its final order

regarding the jurisdiction issues on September 25, 2020, but Edwards did not file her notice of appeal until March 31, 2021. Moreover, her notice of appeal only mentioned the circuit court's order issued on January 19, 2021, in which the circuit court determined that Jones was not in contempt for failing to pay a portion of Edwards' health insurance premiums. Edwards' notice of appeal did not mention any issues relating to the court's previous order regarding jurisdiction.

¶13 We conclude that even if Edwards had identified the prior jurisdictional order in her notice of appeal, her notice of appeal was not timely filed with respect to that earlier order. "The timely filing of a notice of appeal is necessary to give the court of appeals subject matter jurisdiction over an appeal." *State v. Sorenson*, 2000 WI 43, ¶16, 234 Wis. 2d 648, 611 N.W.2d 240. "The notice of appeal must be filed within the time specified by law." WIS. STAT. RULE 809.10(1)(e). In turn, WIS. STAT. § 808.04 sets forth the time to appeal a final order as follows:

> An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law.

Sec. 808.04(1). We see no indication in the record of a written notice of entry of either the September 2020 or January 2021 orders. Regardless of whether the forty-five day deadline or the ninety day deadline applies, Edwards filed the notice of appeal more than six months after the September 2020 order regarding continuing exclusive jurisdiction was filed. Accordingly, we lack appellate jurisdiction over Edwards' appeal of the September 2020 order. *See Sorenson*,

234 Wis. 2d 648, ¶16 ("If a party fails to comply with the statutory requirements for filing a timely notice of appeal, the court of appeals lacks jurisdiction").

¶14     However, by contrast, Edwards' notice of appeal was timely filed with respect to the January 2021 order, because it was filed within ninety days of entry of that order, and no written notice was given.  *See* WIS. STAT. § 808.04(1). Thus, the only issue over which we have appellate jurisdiction is Edwards' appeal of the circuit court's January 2021 order dismissing her motion for contempt regarding Jones' failure to pay a portion of Edwards' health insurance premiums. Therefore, we next address the issue of whether the circuit court erred when it denied Edwards' motion for contempt.

¶15  When this court reviews a circuit court's contempt order, we apply the erroneous exercise of discretion standard.  ***Benn v. Benn***, 230 Wis. 2d 301, 308, 602 N.W.2d 65 (Ct. App. 1999).   "A circuit court erroneously exercises its discretion if it makes an error of law."  ***Topolski v. Topolski***, 2011 WI 59, ¶27, 335 Wis. 2d 327, 802 N.W.2d 482.

¶16     As noted above, at the conclusion of the court trial on May 5, 2015, regarding premiums for health insurance for the minor child the circuit court stated that:

> As to health insurance for the child, I'm going to order that both provide the coverage for the child if available at a current or future employer or elsewhere at a reasonable cost.  In the event that father is unable to provide coverage, he will be required to pay half the cost difference between mother's single and family coverage in lieu of providing his own coverage.

The circuit court then signed a document titled "FINDINGS OF FACT, CONCLUSIONS OF LAW & JUDGMENT OF DIVORCE" (Judgment of

8

Divorce) dated June 23, 2015 and the document was filed that day. The Judgment of Divorce included a paragraph that stated, "[t]he Court's Decision as a result of the trial in Judge Frederick C. Rosa's Court on May 5, 2015, is attached hereto, made a part hereof as Exhibit 'A' and incorporated by attachment as the judgment of this Court." Thus, the Judgment of Divorce incorporated the language quoted above regarding providing or paying half the cost of the premiums for health insurance for the child, into the judgment.

¶17 In dismissing Edwards' contempt motion, the circuit court relied on a written document subsequently issued by Judge Rosa captioned, "Final Orders" and dated July 30, 2015. Regarding health insurance, this document only states that "[b]oth parties shall provide health insurance for the minor child if available at a current or future employer or else where [sic] at a reasonable cost." The circuit court concluded that it could not find that Jones:

> willfully and intentionally disregarded the court order announced at the hearing on May 5, 2015 regarding paying half of the child's health insurance provided by [Edwards] during periods when he did not provide health insurance because the final order issued by Judge Rosa on July 30, 2015 did not order him to do so.

¶18 Edwards argues that the circuit court erred in relying on the document captioned, "Final Orders" and dated July 30, 2015. She contends that this document was issued in response to her request for a "clarification document" that she could give to childcare providers regarding custody. Although Edwards acknowledges that this document changed some aspects of Judge Rosa's oral orders, she argues that it "did not state any change to the order regarding payment of premium costs." Accordingly, Edwards argues that the court should have instead based its contempt finding on Judge Rosa's oral order incorporated into the

Judgment of Divorce, requiring Jones "to pay half the cost difference between mother's single and family coverage in lieu of providing his own coverage."

¶19 We deem Jones' failure to file a response brief a concession of error, and we reverse the circuit court's dismissal of Edwards' contempt motion on that basis alone. *State ex rel. Blackdeer*, 176 Wis. 2d 252, 260, 500 N.W.2d 339 (Ct. App. 1993). In addition, we note that the record supports Edwards' argument that Judge Rosa's orders issued in July 2015 did not alter his prior determination about health insurance premiums. The record shows that shortly before the court issued the document entitled, "Final Orders," Edwards asked the court to clarify some of the findings of fact, conclusions of law, and the judgment in the Judgment of Divorce. Specifically, Edwards sought to clarify issues relating to child placement and child care costs. We see nothing in the record to suggest that either party sought clarification regarding payment of health insurance premiums. Thus, we conclude that the two-page document captioned, "Final Orders" does not appear intended to alter the oral order incorporated into the Judgment of Divorce entered on June 23, 2015, at least as that order pertains to health insurance for the child. Moreover, as noted the Judgment of Divorce incorporates Judge Rosa's oral pronouncement that Jones will be responsible for a portion of Edwards' health insurance premiums, if he does not obtain his own coverage.

¶20 Additionally, we note that Edwards' argument that Judge Rosa's oral order controls is supported by legal authority. *See State v. Perry*, 136 Wis. 2d 92, 113-15, 401 N.W.2d 748 (1987). In *Perry*, our supreme court addressed a discrepancy between an oral pronouncement of a criminal sentence imposed by the court and the ultimate judgment. The court pointed to the general rule that "where a conflict exists between a court's oral pronouncement of sentence and a written judgment, the oral pronouncement controls." *Id.* at 114 (citations

omitted). Because the Court determined that the oral pronouncement was unambiguous, *id.*, the Court concluded that "[t]he effective sentence is that pronounced from the bench." *Id.* at 115.

¶21 The rule announced in *Perry* "applies where the pronouncement and the judgment are unambiguous and in conflict." *State v. Lipke*, 186 Wis. 2d 358, 364, 521 N.W.2d 444 (Ct. App. 1994). By contrast, "an omission in the oral pronouncement could create an ambiguity which would require the appellate court to determine the court's intent from other parts of the record, including the judgment of conviction." *Id.* The same principles for resolving discrepancies between an oral pronouncement and a subsequent written judgment in a criminal case also apply in the civil context. *See Jackson v. Gray*, 212 Wis. 2d 436, 443-44, 569 N.W.2d 467 (Ct. App. 1997).

¶22 In the present case, Judge Rosa orally ordered that Jones would be responsible for a portion of Edwards' health insurance premiums, if Jones did not secure his own health insurance for the child. We see no basis for concluding that this oral order incorporated into the Judgment of Divorce is ambiguous. Thus, we conclude that applying the rule in *Perry*, Judge Rosa's unambiguous oral pronouncement controls over the court's written order. *See Perry*, 136 Wis. 2d at 114.

¶23 Further, we note that Edwards' argument that the oral order controls is even stronger than the argument in *Perry*. Here, the inconsistency between the court's oral and written orders only arises because the document captioned, "Final Orders" does not address the issue of how to allocate health insurance premiums, if Jones fails to obtain health insurance as ordered. This omission renders the Final Orders ambiguous. *See Lipke*, 186 Wis. 2d at 364. Ambiguity means that

11

we must "determine the court's intent from other parts of the record, including the judgment." *Id.* Here, the Judgment of Divorce explicitly incorporates the court's oral pronouncement. Under the circumstances, we conclude that Judge Rosa's oral pronouncement, as incorporated into the Judgment of Divorce, indicates the court's intent that Jones would be responsible for a portion of Edwards' health insurance premiums, if he did not obtain his own insurance for the child. *See Lipke*, 186 Wis. 2d at 364. We, therefore, agree with Edwards that the circuit court erroneously exercised its discretion by declining to rely on this oral pronouncement when ruling on Edwards' motion for contempt. *See Topolski*, 335 Wis. 2d 327, ¶27.

## CONCLUSION

¶24 Based on the foregoing, we conclude that the circuit court erroneously exercised its discretion in dismissing Edwards' motion for contempt regarding health insurance premiums. Instead of relying on the written document captioned, "Final Orders," which was ambiguous, the court should have relied on Judge Rosa's oral pronouncement—incorporated into the Judgment of Divorce— that Jones was required to pay Edwards for half of the cost difference between single and family coverage, if he did not obtain his own insurance. We, therefore, reverse the circuit court's order relating to Edwards' motion for contempt as it relates to health insurance premiums and remand with directions that the circuit court determine the amount of health insurance premiums, if any, for which Jones is responsible. Further, for the reasons stated above, we conclude that we lack appellate jurisdiction over the remaining issues raised in Edwards' brief relating to the circuit court's September 25, 2020 order.

*By the Court.*—Order reversed in part and remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.