STATE of Wisconsin, Plaintiff-Respondent,

v.

Carla L. OGLESBY, Defendant-Appellant.

Court of Appeals

*Nos. 2005AP1565–CR, 2005AP1566–CR. Submitted on briefs March 7, 2006.—Decided April 12, 2006.*

2006 WI App 95

(Also reported in 715 N.W.2d 727.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Timothy T. Kay*, of *Kay and Kay Law Firm*, of Brookfield.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Shunette T. Campbell*, assistant attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. NETTESHEIM, J. Carla L. Oglesby appeals from the sentencing provisions of two judgments of conviction and from a postconviction order denying her motion to amend or correct the judgments of conviction. In Kenosha county case number 2004CF225, Oglesby sought to amend the confinement portion of a truth-in-sentencing (TIS) judgment of conviction from a consecutive sentence to a concurrent sentence. In Kenosha county case number 2004CM401, also a TIS case, Oglesby sought to reduce the six-year period of probation recited in the judgment of conviction to the maximum term of two years pursuant to Wis. Stat. § 973.09(2) (2003–04).[1]

¶ 2. The State concedes error as to Oglesby's challenge to the period of probation in 2004CM401, and we agree with the State's concession. As to the concurrent versus consecutive issue in 2004CF225, we hold that the record as a whole does not rebut the presumption of a concurrent sentence when, as here, the court did not

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

718

expressly state whether the sentence is concurrent or consecutive. We reverse the order denying Oglesby's motion to amend the judgments of conviction. Accordingly, we also reverse the sentencing portion of the judgments and remand with directions that the trial court enter amended judgments of conviction stating that: (1) the period of Oglesby's probation in 2004CM401 is two years, and (2) Oglesby's period of confinement in case 2004CF225 is concurrent with the sentence imposed moments earlier in another case in the same sentencing proceeding.

## FACTS AND PROCEDURAL HISTORY

¶ 3. The facts governing this appeal are not disputed. We begin with Kenosha county case number 1997CF239, a case that predated TIS.[2] In that case, Oglesby was convicted in 1997 of five counts of uttering a forged document and one count of operating a motor vehicle without the owner's consent (OMVWOC). She was placed on probation under a withheld sentence. However, Oglesby's probation was later revoked, and she appeared before the trial court for sentencing on March 24, 2004.

¶ 4. On that same date, Oglesby entered pleas of guilty to felony charges of burglary and two counts of uttering a forged writing in 2004CF225 and a misdemeanor charge of resisting an officer in 2004CM401.[3]

---

[2] Although 1997CF239 is not before us on appeal, it forms the backdrop for Oglesby's challenge to the judgment of conviction in 2004CF225, which recites the confinement portion of Oglesby's sentence as a consecutive sentence to the sentences imposed in 1997CF239.

[3] In exchange for Oglesby's guilty pleas in 2004CF225, the State dismissed, but read in, twelve additional counts of uttering a forged writing.

719

After conducting an appropriate plea colloquy with Oglesby, the trial court accepted her guilty pleas. Without objection from Oglesby, the trial court immediately proceeded to sentencing on all three cases.

¶ 5. The State opened this phase of the hearing with its sentencing recommendations. In 1997CF239, the probation revocation case, the State recommended concurrent six-year sentences on the five uttering charges and a consecutive three-year sentence on the OMVWOC charge. In 2004CF225, the burglary and uttering cases, the State recommended a sentence of ten years on the burglary charge, consisting of a three-year period of confinement consecutive to the sentences in the probation revocation case followed by seven years of extended supervision. As to the uttering charges, the State recommended concurrent periods of five years' probation consecutive to the confinement on the burglary sentence. In 2004CM401, the misdemeanor resisting case, the State did not make any sentencing recommendation.

¶ 6. Oglesby's counsel then made his recommendations to the trial court. Counsel recognized that confinement was appropriate in 1997CF239, the probation revocation case. However, counsel recommended three-year sentences, not the six-year sentences requested by the State. In the remaining cases, 2004CF225 and 2004CM401, counsel requested that the court place Oglesby on probation consecutive to the prison sentences in the probation revocation case.

¶ 7. The trial court then pronounced the sentences. The court first addressed 1997CF239, the probation revocation case. The court followed the State's recommendation and sentenced Oglesby to concurrent six-year terms on the five uttering charges and a consecutive three-year term on the OMVWOC charge.

720

¶ 8. Next, the trial court addressed the remaining two cases, 2004CF225 and 2004CM401, which are before us on appeal. In 2004CF225, the trial court partially followed the State's recommendation by sentencing Oglesby on the burglary charge to a bifurcated sentence of three years of confinement followed by seven years of extended supervision. However, the court did not state whether the confinement portion of this sentence was concurrent or consecutive to the sentences previously imposed in 1997CF239, the probation revocation case. Nonetheless, the judgment of conviction in 2004CF225 recited the confinement portion of the sentence as a consecutive sentence. The court also partially followed the State's recommendation on the two uttering charges by placing Oglesby on probation. However, the court imposed six-year periods of probation, not the five years recommended by the State.

¶ 9. Finally, in 2004CM401, the misdemeanor resisting case, the trial court placed Oglesby on two years' probation, concurrent with the six-year probation terms ordered in 2004CF225. However, the judgment of conviction in 2004CM401 recited a six-year term of probation, contrary to the court's oral pronouncement of a two-year term.

¶ 10. Postjudgment, Oglesby sought to amend the judgments of conviction in 2004CF225 and 2004CM401. As to 2004CF225, Oglesby argued that the trial court's sentencing remarks were unambiguous and should control over the conflicting recital in the written judgment of a consecutive sentence. In support, Oglesby cited to the established case law holding that a sentence should be deemed concurrent where, as here, the trial court had not expressly stated that the sentence was consecutive. The State contended that the court's sentencing remarks were ambiguous, but that the ambiguity was resolved by

the recital in the judgment of conviction that the confinement portion of the sentence was consecutive.

¶ 11. As to 2004CM401, Oglesby argued that the six-year probationary term was not only contrary to the trial court's oral pronouncement of a two-year probation term, but also was in excess of the maximum permitted by the law pursuant to WIS. STAT. § 973.09(2). As noted, the State conceded this point and agreed with Oglesby that the term of the probation should be reduced to the statutory maximum of two years.

¶ 12. The trial court denied Oglesby's motion to amend the judgment in 2004CF225 to recite that the confinement portion of the sentence is concurrent. In a terse written order the court said, "Without going into detail, but relying on the record to speak for itself, it is clear that the Court intended a consecutive sentence. The motion to amend the judgment of conviction is denied." However, this order was silent as to Oglesby's challenge to the term of the probation in 2004CM401, although the order addresses the case numbers of both cases. Oglesby appeals.

## DISCUSSION .

*The Term of the Probation in Case No. 2004CM401*

¶ 13. Oglesby argues that the six-year term of probation in 2004CM401, the misdemeanor resisting an officer case, conflicts with the trial court's oral pronouncement of a two-year term of probation at the sentencing hearing. As we have noted, the trial court's written order did not address this portion of Oglesby's challenge.

¶ 14. Ordinarily, that would call for us to remand the issue back to the trial court for a decision on the

issue. But we see no need for a remand. The facts regarding this issue are not disputed by the parties, rendering the question one of law. *See State v. Miller,* 2004 WI App 117, ¶ 20, 274 Wis. 2d 471, 683 N.W.2d 485, *review denied,* 2004 WI 123, 275 Wis. 2d 296, 687 N.W.2d 523. Moreover, the State conceded error in the trial court, and it renews that concession on appeal. Finally, the State's concession is well taken since the governing statutory law clearly reveals that the six-year probation term recited in the judgment of conviction is in excess of the permitted maximum. *See* WIS. STAT. § 973.09(2). Statutory interpretation and the application of statutes to specific facts are questions of law we review without deference to the trial court. *O'Connell v. O'Connell,* 2005 WI App 51, ¶ 6, 279 Wis. 2d 406, 694 N.W.2d 429, *review denied,* 2005 WI 134, 282 Wis. 2d 721, 700 N.W.2d 273. We therefore decide the issue on the merits despite the absence of a trial court ruling on the matter.

¶ 15. In 2004CM401, Oglesby was charged with resisting an officer, a Class A misdemeanor. *See* WIS. STAT. § 946.41. Subject to certain exceptions, the maximum term of probation for a misdemeanor conviction is two years. WIS. STAT. § 973.09(2).[4] In keeping with this statute, the trial court's oral pronouncement imposed a two-year term of probation in 2004CM401. Despite this clear and unequivocal statement, the judgment of conviction recited a probation term of six years.

---

[4] WISCONSIN STAT. § 973.09(2)(a)2. grants the trial court discretion to increase the maximum term of probation by either one year or two years, depending on the number of additional misdemeanor convictions occurring at the same time. This option was not available to the trial court in 2004CM401 because Oglesby was not convicted of any additional misdemeanors. Instead, all of the additional convictions were felonies.

¶ 16. When an unambiguous oral pronouncement at sentencing conflicts with an equally unambiguous pronouncement in the judgment of conviction, the oral pronouncement controls. *State v. Lipke*, 186 Wis. 2d 358, 364, 521 N.W.2d 444 (Ct. App. 1994). Thus, Oglesby's appeal, and the State's concession of error on this issue, are well taken. The trial court should have granted Oglesby's motion to amend the judgment to recite a probation term of two years. We therefore reverse the sentencing portion of the judgment of conviction in 2004CM401 and remand with instructions that the trial court enter an amended judgment reciting the maximum two-year term of probation. In all other respects, the judgment is affirmed.[5]

### Concurrent or Consecutive Confinement in Case No. 2004CF225

¶ 17. Oglesby challenges the sentencing portion of the judgment of conviction in 2004CF225, which recites that the confinement portion of the sentence is consecutive to the sentence previously imposed by the trial court in 1997CF239, the probation revocation case. Oglesby bases her argument on the same principle of law that underpins her argument on the preceding issue concerning the term of probation—an unambigu-

---

[5] We note that Wis. Stat. § 973.09(2m) provides that a probation term in excess of the maximum is void and the term is valid only to the extent of the maximum term authorized by statute. That might suggest that a remand for entry of an amended judgment is not necessary. Nonetheless, we deem it the better practice to have the record reflect a judgment of conviction that correctly states the term of Oglesby's probation in 2004CM401.

ous oral pronouncement trumps a conflicting unambiguous pronouncement in the judgment of conviction. *See id.*

¶ 18. However, the State disputes Oglesby's contention that the trial court's oral pronouncement is unambiguous. Although we ultimately rule in Oglesby's favor, we agree with the State that the trial court's oral pronouncement was ambiguous as to whether the sentence was concurrent or consecutive. In its sentencing recommendation in 2004CF225, the State clearly asked for a period of confinement consecutive to any sentences imposed by the court in the probation revocation case. Conversely, Oglesby, while acknowledging that a prison sentence was appropriate in the probation revocation case, clearly asked for probation, not confinement, in 2004CF225. Against these competing positions, the trial court opted for confinement but failed to state whether the confinement was concurrent or consecutive to the sentences in the probation revocation case.

¶ 19. The State correctly observes that no Wisconsin case has set out the test for ambiguity in a sentencing situation such as this. Given that blank page, the State asks that we adopt the test employed in statutory construction disputes. That test inquires whether the statutory language is capable of being understood by reasonably well-informed persons in two or more different ways. *State v. Peterson*, 2001 WI App 220, ¶ 13, 247 Wis. 2d 871, 634 N.W.2d 893. We conclude that the State's analogy to the law of statutory construction is proper, and we adopt it. Here, given the conflicting positions of the parties as to the proper sentence in 2004CF225 and the trial court's ensuing silence on the question of whether the sentence im-

posed was concurrent or consecutive, we conclude that reasonably well-informed persons could construe the trial court's sentencing remarks as indicating either a concurrent or a consecutive sentence.

¶ 20. When faced with statutory construction, we look to discern the legislative intent. *State v. Leitner*, 2002 WI 77, ¶ 16, 253 Wis. 2d 449, 646 N.W.2d 341. From that, it follows that we should look for the trial court's sentencing intent when faced with an ambiguous oral pronouncement. This is in keeping with existing case law. *State ex rel. Jacobus v. State*, 208 Wis. 2d 39, 48, 559 N.W.2d 900 (1997). In *Lipke*, the court of appeals said that when an omission in an oral pronouncement creates an ambiguity, the appellate court is required to determine the trial court's sentencing intent from other parts of the record, including the judgment of conviction. *Lipke*, 186 Wis. 2d at 364.

¶ 21. Thus, we look to the full record in this case, including the judgment of conviction, in determining the trial court's sentencing intent. But in so doing, Oglesby comes to the debate with a threshold advantage. In *State v. Rohl*, 160 Wis. 2d 325, 466 N.W.2d 208 (Ct. App. 1991), the court noted the supreme court's holding in *In re McDonald*, 178 Wis. 167, 171, 189 N.W. 1029 (1922), that "where an offender is actually or constructively serving a sentence for one offense and is then ordered to serve another sentence for a different offense, the second sentence will be deemed to run concurrently with the first sentence *in the absence of a statutory or judicial declaration to the contrary*." *Rohl*, 160 Wis. 2d at 330 (emphasis added).[6] So the question

---

[6] The continuing vitality of this rule has been questioned. *See State v. Rohl*, 160 Wis. 2d 325, 331, 466 N.W.2d 208 (Ct. App.

becomes whether the record, including the judgment of conviction, rebuts this presumption.

¶ 22. The State contends that the record of the sentencing hearing establishes that the trial court adopted the State's sentencing recommendation in toto, save uttering the word "consecutive." We are not persuaded. True, the duration of the court's sentence on the burglary charge and the court's grant of probation on the two uttering charges in 2004CR225 mirrored the State's request. However, the court *did not* follow the State's recommendation as to the length of the probation terms. The State had asked for concurrent five-year terms of probation, but the court imposed six-year terms. Moreover, as we have noted, the State did not make any sentencing recommendation in 2004CM401, the misdemeanor resisting charge, and the trial court proceeded to impose the sentence in that case without seeking any input from the State.

¶ 23. We acknowledge that these examples may represent minor deviations by the trial court from the State's recommendations, but they nonetheless make the important point that the court was not in lockstep with the State on all aspects of this sentencing. Instead, in certain matters, the court showed a degree of independence.

¶ 24. We also take note that when sentencing Oglesby on 1997CF239, the probation revocation case, the trial court expressly made the sentence on the OMWVOC charge consecutive to the five uttering charges. So this is not a case where the court uniformly

1991), *State v. Brown*, 150 Wis. 2d 636, 639, 443 N.W.2d 19 (Ct. App. 1989), and *State v. Morrick*, 147 Wis. 2d 185, 187, 432 N.W.2d 654 (Ct. App. 1988). However, we do not have the authority to overrule a standing decision of our supreme court. *Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).

ignored, overlooked, or forgot about the need to address the concurrent versus consecutive question in all instances. Yet, the court was conspicuously silent on this topic when imposing the period of confinement in 2004CF225.

¶ 25. Thus, except for the judgment of conviction, we see nothing additional in the record as a whole which sheds any helpful light on the trial court's sentencing intent on this question. Given that, this case boils down to the effect, if any, of the recital in the judgment of conviction that Oglesby's sentence in 2004CF225 was consecutive to the sentences in 1997CF239. On this point, the State seizes on the statements in *Lipke* and *State v. Brown*, 150 Wis. 2d 636, 443 N.W.2d 19 (Ct. App. 1989), that when an oral pronouncement of a sentence is ambiguous, it is proper to look at the written judgment to ascertain the court's intention. *Lipke*, 186 Wis. 2d at 364; *Brown*, 150 Wis. 2d at 641. While the court of appeals made that statement, we deem the State's reliance on it too superficial. We say this because, in the same breath, the court each time also acknowledged that the *entire record* had to be examined to determine the trial court's sentencing intent. *Lipke*, 186 Wis. 2d at 364; *Brown*, 150 Wis. 2d at 642. And, only after conducting that examination, did the court of appeals conclude that the underlying facts supported the recital of a consecutive sentence in the judgment of conviction. *Lipke*, 186 Wis. 2d at 364–65; *Brown*, 150 Wis. 2d at 642.

¶ 26. We address each case in some detail. In *Brown*, the State and Brown's attorney negotiated a plea agreement that included a *joint recommendation* by both parties for a sentence consecutive to a sentence on an earlier conviction. *Brown*, 150 Wis. 2d at 637. At the sentencing hearing, the prosecutor placed on the

728

record a consecutive sentence recommendation to which defense counsel had agreed. *Id.* at 638. The trial court confirmed that Brown understood the terms of the joint recommendation and then stated, "Okay. The sentence will be then *as stated on the record.*" *Id.* at 638–39 (emphasis added). Accordingly, the judgment of conviction recited a consecutive sentence. *Id.* at 639. Postjudgment, Brown moved to correct the judgment to provide a concurrent, rather than a consecutive, sentence. *Id.* The trial court denied the motion. *Id.*

¶ 27. On appeal, Brown relied on the supreme court's statement in *McDonald* that, absent a judicial declaration of a consecutive sentence, the sentence is deemed concurrent. *Brown*, 150 Wis. 2d at 639. He also argued under *State v. Perry*, 136 Wis. 2d 92, 401 N.W.2d 748 (1987), that a sentencing court's oral pronouncement trumps a conflicting pronouncement in the judgment of conviction. *Brown*, 150 Wis. 2d at 640. The court of appeals rejected Brown's reliance on *Perry*. *Brown*, 150 Wis. 2d at 640. The court first clarified that *Perry* "speaks only to the situation where an unambiguous oral pronouncement conflicts with an equally clear statement of the sentence in the written judgment." *Brown*, 150 Wis. 2d at 641. In that situation, the court held that the written judgment is subordinate to the oral pronouncement. *Id.* But where the sentencing court's oral pronouncement is ambiguous, the court held that resort to "the record as a whole" is necessary to determine the trial court's intent. *Id.* at 641–42. Concluding that the trial court's failure to state whether the statement was concurrent or consecutive resulted in an ambiguity, the court turned to the "record as a whole." *See id.*

¶ 28. In conducting that exercise, the *Brown* court readily concluded that the trial court intended a

consecutive sentence. *Id.* at 642. In support, the court of appeals observed that the parties had made a *joint recommendation* for a consecutive sentence and that the trial court had put its stamp of approval on that recommendation by stating that the sentence was "as stated on the record." *Id.* In addition, the court noted that the trial court's sentencing scheme tracked the joint recommendation in all respects, save the trial court's utterance of the word "consecutive." *Id.* Based on this examination of the "record as a whole," the *Brown* court concluded that the written judgment correctly reflected the trial court's sentencing intent. *Id.*

¶ 29. This case is a far cry from *Brown*. First, although of lesser importance, there was no joint sentencing recommendation presented by the State and Oglesby. Second, and of greater importance, we have no statement from the trial court expressly, or impliedly, adopting the State's recommendation. Thirdly, as we have already noted, the trial court's sentencing did not in all respects track the State's recommendation, save the utterance of the word "consecutive." We do not see this as a *Brown* case.

¶ 30. Nor do we see this case as a *Lipke* case. There, Lipke pled no contest to a charge of operating after revocation, and the trial court sentenced him to a county jail sentence. *Lipke*, 186 Wis. 2d at 362. However, Lipke did not reveal, and the trial court did not otherwise know, that Lipke had moments earlier been convicted of an unrelated charge in another court resulting in a county jail sentence. *Id.* Apparently, the trial court later learned of the earlier sentence because the judgment of conviction recited the sentence as a consecutive sentence. *Id.* Postjudgment, Lipke sought to amend the judgment to recite a concurrent sentence

based on the trial court's failure to expressly state that the sentence was consecutive. *Id.* The trial court denied the motion. *Id.*

¶ 31. Like Brown, Lipke relied on the *Perry* holding that an unambiguous oral pronouncement prevails over a conflicting recital in the judgment of conviction. *Lipke*, 186 Wis. 2d at 364. But, as in *Brown*, the court of appeals rejected that approach. *Lipke*, 186 Wis. 2d at 364. Citing to *Brown*, the court held that the trial court's failure to state whether the sentence was concurrent or consecutive rendered the oral pronouncement ambiguous, requiring the court to look to the record, including the judgment of conviction, in order to determine the trial court's sentencing intent. *Lipke*, 186 Wis. 2d at 365. In conducting that inquiry, the court of appeals observed that the trial court's failure to address the concurrent versus consecutive question was understandable, given that the court had not been alerted to the prior sentence. *Id.* In light of that history, the court concluded that the written judgment accurately reflected the court's intent. *Id.*

¶ 32. This is not a *Lipke* case because no sentencing information was withheld from the trial court. Nor did any new information come to light after the sentencing that might have influenced the sentencing.

¶ 33. In summary, in both *Brown* and *Lipke*, the court of appeals' examination of the record as a whole revealed additional relevant information, beyond the mere recital in the judgment of conviction, on the question of the trial court's intent as to whether the sentence was concurrent or consecutive. Here, our examination of the record as a whole reveals no such additional information. Instead, we are left with the bald statement in the judgment of conviction that the

confinement portion of the sentence in 2004CF225 is consecutive. If the trial court had sent any kind of signal that a consecutive sentence was necessary or appropriate, we likely would rule for the State. But we do not have that signal in this case.[7] Without more, we do not deem the bald recital of a consecutive sentence in the judgment of conviction sufficient to overcome the presumption of a concurrent sentence.

¶ 34. A search for the trial court's sentencing intent will always depend on the particular facts of the particular case. In another case under different facts, it may be that the recital of a consecutive sentence in a judgment of conviction can, standing alone, support such a sentence where the trial court's oral pronouncement is silent on the question. However, under the particular facts of this particular case, we do not conclude that the "record as a whole," including the judgment of conviction, rebuts the presumption of a concurrent sentence.

## CONCLUSION

¶ 35. In 2004CM401, we reverse the order denying Oglesby's motion to amend the sentencing portion of the judgment of conviction. We also reverse the sentencing portion of the underlying judgment and remand for entry of an amended judgment to recite a probation term of two years. The balance of the judgment is affirmed.

---

[7] By way of example, the trial court could have indicated that a period of confinement beyond the sentences imposed in 1997CF239, the probation revocation case, was necessary or appropriate. Or, when rejecting Oglesby's pitch for probation in 2004CF225, the court could have said that it instead was opting for the State's recommendation.

¶ 36. In 2004CF225, we reverse the sentencing portion of the underlying judgment and remand for entry of an amended judgment to recite that the confinement portion of Oglesby's sentence is concurrent with the sentences imposed in 1997CF239. The balance of the judgment is affirmed.

*By the Court.*—Order reversed; judgments reversed in part and cause remanded with directions.