COURT OF APPEALS
DECISION
DATED AND FILED

March 21, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP997-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2008CF526

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TRAVIS J. HUSNIK,

DEFENDANT-APPELLANT.

APPEAL from orders of the circuit court for Brown County: THOMAS J. WALSH, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Travis Husnik appeals from the denial of his postconviction motion for additional sentence credit, stemming from his

no-contest pleas to two counts of delivery of cocaine. The issue is whether Husnik is entitled to dual credit toward his sentence on Count 1 based on the time he already served on the sentence previously imposed on Count 2. We conclude the counts did not involve the same course of conduct, and any connection that could have existed was severed once Husnik began to serve his sentence on Count 2. We affirm.

## BACKGROUND

¶2 Husnik was convicted of two counts of manufacture/delivery of cocaine, second or subsequent offenses.[1] The circuit court sentenced Husnik to an eight-year term of imprisonment on Count 2, consisting of four years of initial confinement followed by four years of extended supervision. With respect to Count 1, the court imposed and stayed a sentence of twenty years and it placed Husnik on probation for eight years.[2]

¶3 Husnik appealed, arguing that the circuit court erroneously calculated his sentence credit by not crediting time served on a previously imposed sentence in a Kewaunee County cocaine delivery case. We rejected Husnik's arguments and affirmed the judgment of conviction.

¶4 After completing the initial confinement portion of his sentence on Count 2, Husnik was released on extended supervision. Following his release, a

---

[1] Husnik was also charged with battery to a peace officer. We will not further discuss the battery charge as it is not relevant to Husnik's sentence credit claim in this matter.

[2] The circuit court did not specify whether Count 1 was to be concurrent or consecutive to any other sentence. When the sentencing court does not state whether the sentence is consecutive, the law presumes that it is concurrent. *See State v. Oglesby*, 2006 WI App 95, ¶¶20-21, 292 Wis. 2d 716, 715 N.W.2d 727.

series of probation and extended supervision holds ensued. Husnik's Count 1 probation was revoked, and, as a result, his imposed and stayed sentence on Count 1 then took effect.

¶5 Husnik thereafter filed a motion asking the circuit court to award him 2,320 days of sentence credit toward Count 1, including "additional sentence credit toward his Count 1 sentence for all days spent in custody on Count 2." Husnik asserted that he was entitled to additional credit on Count 1 for 1,494 days served on Count 2 because both counts arose from the same "course of conduct," and "the factual connection between the custody for the Count 2 offense and the Count 1 offense was never severed, even though [he] began serving a prison sentence on Count 2 and probation on Count 1."

¶6 The circuit court issued a decision and order determining that Husnik was entitled to a total of 1,073 days of sentence credit on Count 1, consisting of 602 days of presentence custody for Count 1 for the time he spent in custody until his sentencing in the Kewaunee County case, and 471 days of sentence credit "for the time he spent in custody in connection with his many probation violations in connection with Count 1." However, the court denied Husnik's request for the 1,494 additional days of sentence credit for the time he spent serving his sentence on Count 2. Relying on *State v. Beets*, 124 Wis. 2d 372, 369 N.W.2d 382 (1985), the court determined that "[o]nce Husnik started serving his sentence for Count 2, his custody was solely in connection with Count 2. Any connection between Count 1 and Count 2 was severed once Husnik started to serve his sentence for Count 2." Husnik now appeals.

**DISCUSSION**

¶7      In his briefs on appeal, Husnik does not challenge the circuit court's credit computation and award of 1,073 days of credit based on his presentence custody or probation holds.  Furthermore, the State did not cross-appeal the court's decision to grant 1,073 days of credit.  Accordingly, the issue before us concerns the court's denial of Husnik's request to apply an additional 1,494 days he served in custody on Count 2 toward his sentence on Count 1.

¶8      We affirm for two reasons.  First, Husnik is not entitled to receive sentence credit on Count 1 for his imprisonment on Count 2 because Counts 1 and 2 did not involve the same "course of conduct."  Second, once Husnik started serving his sentence for Count 2, his custody was solely for Count 2.  Service of a sentence on Count 1 did not begin until years later when his probation was revoked.  Any connection that could be assumed between Counts 1 and 2 was severed once Husnik began to serve his sentence on Count 2.

*I.  In connection with the course of conduct*

¶9      WISCONSIN STAT. § 973.155(1)(a) (2021-22)[3] states: "A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which the sentence was imposed."  As used in this subsection, actual days spent in custody include both "confinement related to an offense for which the offender is ultimately sentenced," or confinement for any other sentence arising out of "the same course

_____

[3] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

4

of conduct," which occurs while the offender is awaiting trial, being tried, and awaiting imposition of sentence. *State v. Marcus Johnson*, 2007 WI 107, ¶4 n.2, 304 Wis. 2d 318, 735 N.W.2d 505. Time spent in custody also includes time spent on "a probation, extended supervision or parole hold … placed upon the person for the same course of conduct as that resulting in the new conviction." Sec. 973.155(1)(b).

¶10 To obtain the additional sentence credit requested on Count 1, Husnik had the burden of showing: (1) he was "in custody" during the relevant time period; and (2) the custody was "in connection with" the course of conduct underlying his sentence on Count 1. *See State v. Carter*, 2010 WI 77, ¶11, 327 Wis. 2d 1, 785 N.W.2d 516. With respect to whether Husnik was "in custody" during the relevant time period, neither his circuit court motion nor his briefs to this court demonstrate that he served the 1,494 days on Count 2 that he wants credited to Count 1. For example, Husnik's motion did not include the Wisconsin Department of Corrections' sentence computation worksheets, which would show the time that he was credited based on his presentence, sentence, and extended supervision custody on Count 2. Husnik merely requests that we "remand to the circuit court to determine the actual number of days spent 'in custody' on Count 2 that are to be credited toward Count 1's sentence." We decline this request, however, because Husnik cannot satisfy WIS. STAT. § 973.155(1)'s "in connection with" the course of conduct requirement.

¶11 "[I]n connection with" the course of conduct sentence credit requirement involves more than a procedural showing that "the sentences are concurrent and are imposed at the same time." *See State v. Elandis Johnson*, 2009 WI 57, ¶¶2-3, 318 Wis. 2d 21, 767 N.W.2d 207. A defendant can earn "credit towards a future sentence while serving another sentence only when both

5

sentences are imposed for the same specific acts." *See* ***State v. Tuescher***, 226 Wis. 2d 465, 471, 475, 595 N.W.2d 443 (Ct. App. 1999).

¶12    Here, the sentences for Counts 1 and 2 were not imposed for the same specific acts because they involved factually distinct cocaine delivery offenses.  Count 1 alleged that Husnik delivered approximately one ounce of cocaine to an undercover narcotics investigator at a gas station on October 9, 2007.  Count 2 alleged a separate delivery of one ounce of cocaine to the narcotics investigator at a grocery store parking lot on October 17, 2007.  Thus, the two events occurred eight days apart at two different locations.  Husnik's sentences on Counts 1 and 2 were not based on the same specific acts.

¶13    Husnik would have this court interpret "course of conduct" broadly so as to encompass his entire criminal episode.  This view is contrary to our holding in ***Tuescher***, where we interpreted "course of conduct" narrowly.  In that case, we determined that Tuescher's act of burglary and the act of shooting at officers as he fled the burglary scene were not based on the same specific acts.  ***Id.*** at 475.

¶14    If the defendant in ***Tuescher*** was not entitled to dual credit for multiple crimes that occurred nearly simultaneously, then Husnik is not entitled to dual credit for two crimes that occurred on two separate dates more than a week apart and at two separate locations.  Husnik's imposed and stayed sentence on

Count 1 did not arise from the same course of conduct as the imprisonment served on Count 2. *See id.* at 474-75.[4]

### II. Connection severed

¶15 Husnik is not entitled to dual sentence credit for another reason: any connection between Counts 1 and 2 was severed once Husnik began to serve his sentence on Count 2. The sentencing on one charge severs the connection between the custody and the pending charges, unless the acts for which the first and second sentences were imposed were truly related or identical. *See Beets*, 124 Wis. 2d at 383.

¶16 The circuit court fashioned Husnik's sentences on Counts 1 and 2 during the same sentencing proceeding, but the structure of the sentences on the two counts severed any connection. As mentioned, the court imposed a prison sentence on Count 2, but the court imposed and stayed the sentence on Count 1 and placed Husnik on probation on that count. "Probation itself is generally not a sentence," but "an alternative to sentencing." *See State v. Horn*, 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999). Husnik's sentence on Count 2 commenced immediately, whereas Husnik's sentence on Count 1 was conditional, only commencing if his probation was revoked. Once Husnik started serving his sentence on Count 2, his custody was solely in connection with Count 2. The imposition of the sentence on Count 2 severed any connection that may have

---

[4] To the extent the circuit court implicitly assumed that Counts 1 and 2 arose from the same course of conduct, it was in error. However, the court properly concluded that Husnik's imprisonment on Count 2 severed the connection between his custody and the course of conduct for which his sentence on Count 1 was imposed. Accordingly, the court correctly determined that Husnik was not entitled to credit on Count 1 for the 1,494 days of imprisonment time that he served on Count 2.

existed between that sentence and the stayed sentence on Count 1. Husnik was not entitled to receive credit toward his sentence on Count 1 for his imprisonment on Count 2, which began years before his sentence on Count 1 commenced. Husnik has failed in his burden of showing that he was entitled to dual credit toward his sentence on Count 1 based on the time he served on Count 2.

¶17 Husnik next argues that "fairness" and a "more inclusive interpretation" of WIS. STAT. § 973.155(1) should advance his sentence credit claims. Husnik further asserts that *State v. Zahurones*, 2019 WI App 57, 389 Wis. 2d 69, 934 N.W.2d 905, "stands for a nuanced application of the *Beets* holding—on a case-by-case basis—when necessary to uphold the intent of the original sentence for multiple offenses that are part of the same course of conduct under a less narrow interpretation of the term." Husnik urges that dual credit be granted even though a defendant began serving the punishment for another charge, as long as: (1) the sentences are concurrent; (2) all counts occurred as part of the same course of conduct; (3) the credit prevents the defendant from being forced to serve more time than his or her sentence calls for; and (4) the credit preserves the sentencing court's intent.

¶18 *Zahurones* is factually distinguishable from Husnik's case. Zahurones pled no contest to four counts "arising from a single course of conduct." *Zahurones*, 389 Wis. 2d 69, ¶1. The circuit court placed Zahurones on probation on three counts and deferred entry of judgment on the fourth count (Count 2) pending her successful completion of probation. Following violations of probation, both Zahurones' probation and the deferred entry of judgment agreement were revoked, and she received concurrent sentences on all four counts. *Id.* Zahurones later sought credit on Count 2 for holds that were placed on her with respect to her other convictions. *Id.*, ¶2.

¶19    We granted credit against Zahurones' sentence on Count 2 for the time she was in custody on her probation holds for her three other sentences. *Id.* We determined that all of the counts arose from the same course of conduct:  police entered Zahurones' home and found drugs and drug paraphernalia in her possession, her child was removed from the home and tested positive for methamphetamine, Zahurones refused to follow the officers' instructions, and she resisted arrest.  *Id.*, ¶15.  Unlike Zahurones' crimes, Husnik's cocaine deliveries more than a week apart and at different locations did not arise out of a single course of conduct and they are thus factually distinguishable.[5]

¶20    Contrary to Husnik's perception, *Zahurones* did not "[apply] the sentence credit statute in a way to prevent a seemingly unfair result."  To the contrary, we observed that Zahurones was entitled to credit under WIS. STAT. § 973.155, "regardless of any equitable considerations that the [circuit] court believed weighed against granting her sentence credit."  *Zahurones*, 389 Wis. 2d 69, ¶29; *see also* **State v. Friedlander**, 2019 WI 22, ¶44, 385 Wis. 2d 633, 923 N.W.2d 849.  Section 973.155 is designed to ensure that a person serves neither more nor less time than the court imposed.  *See* **Elandis Johnson**, 318 Wis. 2d 21, ¶31.  Granting Husnik credit toward his sentence on Count 1, which began years after his sentence on Count 2 commenced, and which did not arise from the same

---

[5] Husnik also relies upon **State v. Ward**, 153 Wis. 2d 743, 746, 452 N.W.2d 158 (Ct. App. 1989), to argue that because his time was served in connection with more than one charge and his sentences were concurrent, he is entitled to credit on both charges.  Husnik's reliance on **Ward** is again misplaced.  Husnik's citation refers to a section of the **Ward** opinion discussing a prior version of WIS JI—CRIMINAL SM-34A.  *See* **Ward**, 153 Wis. 2d at 746.  More recently, our supreme court criticized this discussion of the paragraph in the Special Materials referenced in **Ward**, noting that "[t]his whole paragraph is unfortunate because it is too broad." *See* **State v. Elandis Johnson**, 2009 WI 57, ¶¶58-59, 318 Wis. 2d 21, 767 N.W.2d 207.

course of conduct, would frustrate the purpose of § 973.155 as well as the circuit court's intent when it imposed Husnik's sentences on Counts 1 and 2.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.