COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1527-CR**

Cir. Ct. No. 2017CF1719

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DENISE A. BILTON,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: PAUL F. REILLY, Reserve Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Denise A. Bilton appeals from an order of the circuit court denying her motion for reconsideration.  The motion requested that the court reconsider its sua sponte decision to amend her judgment of conviction to remove eligibility for the Substance Abuse Program (SAP).  Bilton contends that the oral pronouncement of her sentence was ambiguous as to her SAP eligibility and that the doctrine of laches barred the court from rescinding her eligibility.

¶2      We conclude the circuit court appropriately exercised its discretion when denying Bilton's motion for reconsideration.  The sentencing court's oral pronouncement, which governs the imposition of the sentence, unambiguously foreclosed Bilton from participating in the SAP.  We also conclude that Bilton has failed as a matter of law to demonstrate that the doctrine of laches requires her to remain SAP eligible.  Accordingly, we affirm.

## BACKGROUND

¶3      Bilton pled guilty or no contest to four counts of identity theft.  The circuit court ordered a presentence investigation report (PSI), and the PSI author checked boxes indicating Bilton's statutory eligibility for both the SAP and the Challenge Incarceration Program (CIP).  The court stated the following regarding Bilton's eligibility at the sentencing hearing:

> THE COURT: All right.  Thank you.  [Counsel], anything we need to clarify?
>
> [Bilton's counsel]: Just eligibility for programs.
>
> THE COURT: I think she is too old for Challenge Incarceration.  Correct?
>
> [Bilton's counsel]: I think so.
>
> THE COURT: I don't know that I really heard any issues of substance abuse.  Well it says that she would be eligible.  I thought she wouldn't be.  It says yes.

2

> So let's do this. I don't want, if she would be eligible, I don't want to foreclose her from that. So if she is eligible, then she could have the benefit of Challenge Incarceration Program. But I am not going to order the Substance Abuse Program because I haven't heard any issue with substance abuse.
>
> Anything else, [Counsel]?
>
> [Bilton's counsel]: No, thank you.

¶4 Three days after sentencing, the circuit court entered a judgment of conviction. The judgment correctly identified that Bilton was ineligible for CIP (due to her age) but designated Bilton as SAP eligible.

¶5 Approximately two years later, the Wisconsin Department of Corrections (the "department") filed a notice with the circuit court advising that Bilton had completed the SAP. The department requested her release and that the court convert her remaining confinement time to extended supervision.

¶6 Upon reviewing the proposed order, the circuit court signed and filed an amended judgment of conviction, converting Bilton's remaining initial confinement period to extended supervision. The State filed a motion to reconsider that order and sought rescission of the first amended judgment, explaining that Bilton had been declared ineligible for the SAP at sentencing and that the original judgment incorrectly reflected SAP eligibility.

¶7 On November 15, 2022, the circuit court entered an order rescinding the first amended judgment and reinstating the original judgment. The department then notified the court that the original judgment reflected Bilton's eligibility for the SAP and, as such, conflicted with the sentencing court's oral pronouncement at Bilton's sentencing hearing. The circuit court responded, clarifying that Bilton was

not eligible for the SAP based on the sentencing court's unambiguous oral pronouncement and then entering an amended judgment of conviction to that effect.

¶8      Subsequently, Bilton sought reconsideration of the sua sponte order rescinding the first amended judgment. The circuit court conducted a hearing and denied Bilton's motion, declaring that the sentencing court's oral statement of "I am not going to order the Substance Abuse Program because I haven't heard any issue with substance abuse" unambiguously denied Bilton's eligibility for the SAP. The court also cited the PSI's statement that Bilton did not have substance abuse issues and Bilton's counsel's statement that Bilton did not do drugs or drink. The court emphasized that the sentencing court was "struck greatly by the criminality of Ms. Bilton" based on the court's comments regarding the lengthy sentence imposed. The court also acknowledged that the sentencing court "asked both counsel, anything else, and no one made mention of anything regarding that Substance Abuse Program" after the oral pronouncement. Bilton now appeals the denial of her motion for reconsideration.

## DISCUSSION

¶9      This Court reviews the circuit court's decision on a motion for reconsideration using the erroneous exercise of discretion standard. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶6, 275 Wis. 2d 397, 685 N.W.2d 853 (citing *State v. Alonzo R.*, 230 Wis. 2d 17, 21, 601 N.W.2d 328 (Ct. App. 1999)). We will affirm a discretionary decision if the circuit court "examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." *HMO-W Inc. v. SSM Health Care Sys.*, 2003 WI App 137, ¶33, 266 Wis. 2d 69, 667 N.W.2d 733 (citation omitted).

¶10    Bilton first argues the circuit court failed to properly apply the law when it deemed the sentencing court's oral pronouncement as unambiguously foreclosing her participation in the SAP.  The State and Bilton agree that when an oral pronouncement conflicts with a written judgment, the oral pronouncement controls.  *See State v. Prihoda*, 2000 WI 123, ¶15, 239 Wis. 2d 244, 618 N.W.2d 857.  However, Bilton asserts that an oral pronouncement controls only if it is unambiguous and, quoting *State v. Oglesby*, 2006 WI App 95, ¶19, 292 Wis. 2d 716, 715 N.W.2d 727, argues that the oral pronouncement here was ambiguous because it was "capable of being understood by reasonably well-informed persons in two or more different ways."  Whether an oral pronouncement of a sentence was ambiguous is a question of law we review de novo.  *See State v. Miller*, 2004 WI App 117, ¶20, 274 Wis. 2d 471, 683 N.W.2d 485.  If an oral pronouncement is ambiguous, this Court reviews the full record to determine the sentencing court's intent.  *Oglesby*, 292 Wis. 2d 716, ¶20 (citing *State v. Lipke*, 186 Wis. 2d 358, 364, 521 N.W.2d 444 (Ct. App. 1994)).

¶11    We agree with the State that there is no ambiguity in the circuit court's oral sentencing pronouncement regarding Bilton's ineligibility for the SAP.  This case is easily distinguished from *Oglesby*, where examination of the record revealed nothing more than a "bald statement in the judgment of conviction" that a sentence was to be served consecutively rather than concurrently, as presumed.  292 Wis. 2d 716, ¶33.  The court in *Oglesby* noted that if the "court had sent any kind of signal that a consecutive sentence was necessary or appropriate, [it] likely would rule for the State."  *Id.*  Here, the court made a pronouncement that Bilton was not eligible for the program by stating "I am not going to order the Substance Abuse Program," and explained, or signaled, its rationale: because it "ha[d]n't heard any issue with

substance abuse." No one responded to the court's inquiry inviting more discussion on the matter.

¶12    Bilton also argued in her motion for reconsideration, as she does on appeal, that the doctrine of laches barred the circuit court from retroactively finding her ineligible for the SAP. She asserts that no parties timely raised concerns about the clerical error in the judgment until more than two years had passed, and she had detrimentally relied upon the original judgment. Laches is an equitable defense applicable in some contexts that is based on the notion that a party who fails to act vigilantly to the detriment of the opposing party should not be rewarded. *See State ex rel. Wren v. Richardson*, 2019 WI 110, ¶14, 389 Wis. 2d 516, 936 N.W.2d 587. A party seeking to assert laches must prove three elements: "(1) unreasonable delay; (2) lack of knowledge on the part of the party asserting the defense that the other party would assert the right on which he bases his suit; and (3) prejudice to the party asserting the defense in the event the action is maintained." *Prihoda*, 239 Wis. 2d 244, ¶37. Whether the three elements have been proven is a legal question we review de novo, although application of laches is within the discretion of the circuit court. *Wren*, 389 Wis. 2d 516, ¶¶15-16. Even assuming the doctrine could be applied in this case, Bilton's argument fails because she cannot show the elements as a matter of law.

¶13    First, Bilton asserts that the two years from when the original judgment was signed in November 2020 until the circuit court corrected the error in November 2022 constituted an unreasonable delay. But there is nothing that suggests the court or the State were aware of the clerical error until October 28, 2022, when the Department informed the court that Bilton had completed the SAP. The court's amended judgment of conviction was signed October 31, 2022, and the State promptly sought reconsideration on the grounds that the original judgment

6

erroneously stated Bilton was SAP eligible on November 1, 2022. In a matter of days, the court corrected the error. There was no unreasonable delay.

¶14 With respect to the second element of laches, Bilton contends that she could not have known the circuit court would sua sponte and retroactively find her ineligible for the SAP. This argument misses the point entirely. Bilton was present when the court declared her ineligible for the SAP, and she raised no questions. During sentencing, neither Bilton nor her counsel contended that she had ever abused drugs or alcohol. Bilton even told the PSI writer that "she drinks alcohol on rare occasions," once or twice a year, and she "denied ever using illegal drugs." In fact, the writer noted that Bilton was never treated for substance abuse and that Bilton "does not believe there is a need" for it.

¶15 Finally, with regard to the element of prejudice, Bilton argues that her participation in the SAP without receiving the benefits of an earlier release was prejudicial as well as detrimental to her mental health. This assertion is inadequate. Bilton was never entitled to SAP participation or early release, and it was not reasonable for her to believe that she was, based on the sentencing court's statements. And in fact, she may have benefited from the SAP behavioral programming.

¶16 The doctrine of laches is an equitable remedy that—even if the elements are satisfied—is ultimately applied at the discretion of the circuit court. *See Wren*, 389 Wis. 2d 516, ¶15. It is not available to Bilton, who unreasonably failed to clarify the conflict between the court's express statement at sentencing and the offer to participate in the SAP. She cannot benefit from that inaction. Accordingly, we affirm the order denying Bilton's motion for reconsideration.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2024-25).