COURT OF APPEALS
DECISION
DATED AND FILED

February 12, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1703-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2021CF153

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES TYREESE MCGOWAN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Jefferson County: WILLIAM V. GRUBER, Judge. *Affirmed*.

Before Graham, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. James McGowan appeals a judgment of conviction and an order denying postconviction relief. The issues are whether the circuit

court intended McGowan's probation term to be concurrent with or consecutive to a federal sentence that had been imposed, and whether that court properly denied his motion for return of seized cash under WIS. STAT. § 968.20 (2023-24).[1] We affirm.

## I. PROBATION TERM: CONCURRENT OR CONSECUTIVE?

¶2  The first issue is whether McGowan's term of probation in this case is consecutive to or concurrent with his federal sentence. This issue arises in part because, at sentencing in this case, McGowan was also sentenced in a separate case, which is not a subject of this appeal. In the present case, the court withheld sentence on a felony bail jumping count and placed McGowan on probation for two years. In the other case, the court imposed six-month jail terms on two counts, and on a third count it withheld sentence and placed McGowan on two years of probation.

¶3  McGowan's argument is founded on the idea that, in Wisconsin, a probation term is not properly referred to as a "sentence." Probation and sentence "are different concepts" and, while "it is true that the word 'sentence' or 'sentencing' may be and often is used in a more general sense …, nevertheless, 'sentence' is a legal term and should be given its legal meaning when used in the statutes and the law unless there are strong indications the term was used in a general sense." *Prue v. State*, 63 Wis. 2d 109, 116, 216 N.W.2d 43 (1974). McGowan's argument is further founded on the idea that, when the sentencing

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

court does not state that a sentence is consecutive, it is presumed to be concurrent. *State v. Oglesby*, 2006 WI App 95, ¶21, 292 Wis. 2d 716, 715 N.W.2d 727.

¶4      McGowan argues that, at his sentencing, the court said only that the "sentences" would be consecutive to any other sentence imposed, and did not similarly state that the term of probation would also be consecutive. Therefore, he argues, the term of probation is presumed to be concurrent, and the judgment of conviction should be amended accordingly. With that background, we next describe the relevant statements by the court at sentencing.

¶5      After imposing the sentences described above, the court said: "The jail sentences are without Huber. They're concurrent to each other. All the sentences here are concurrent to each other, consecutive to any other sentences in being. They can be served -- the jail sentences, that is, can be served in another prison system."

¶6      Later in the hearing, the State asked a question that led to an exchange on the topic:

> PROSECUTOR: Is it the Court's intent that … these sentences be served consecutive to the sentence ordered in the federal case?
>
> THE COURT: It is. I thought I voiced that, but that is the Court's intent and now the Court is voicing that.
>
> PROSECUTOR: Would the -- could the Court then include on the judgment that they be consecutive to the sentence in -- his federal case is 21CR107 from the Western District of Wisconsin.
>
> THE COURT: The judgment of conviction should reflect that, that federal case number and the fact -- the operation here is that these -- the sentences will be served consecutive to that sentence.
>
> Is that adequate, Attorney Shock?

PROSECUTOR: Yes. Thank you.

THE COURT: Did you want to be heard on that, [defense counsel]?

DEFENSE COUNSEL: No, your Honor. Consecutive to any sentences in being. That was adequate as well, your Honor.

¶7      McGowan appears to be correct in his contention that, at all times in these statements, the court referred to only the "sentences" being consecutive to any other existing sentence, and not also to probation being consecutive. The word "probation" was not used by the court in connection with the concept of consecutiveness.

¶8      We begin our analysis with the observation that, although McGowan cites law stating that the term "sentence" is not understood to include probation when courts interpret statutes, he cites no law to the effect that a similar rule must be applied to statements made by courts during sentencing. In a perfect world, judges and attorneys would rigorously observe this technical legal distinction between sentences and probation during their oral statements in court. In the actual world, however, and as noted in the case law above, "sentence" is sometimes used more generally to refer to both incarceration and probation together. The question before us centers on which use the sentencing court intended.

¶9      McGowan describes the sentencing court as unambiguously making the probation term concurrent. However, the above passages are unambiguous in that way only if one assumes that the court was using "sentence" in its technical legal sense, and then one applies the presumption that silence means concurrent. But looking at them as plain linguistic statements, McGowan does not point to any

specific language that shows the court was using "sentence" in only the technical sense.

¶10 The State, in contrast, contends that the sentencing court unambiguously made the probation term consecutive. In doing so, the State makes the assumption that the court was using "sentence" in the general sense, encompassing both the jail terms and the probation term. However, the State does not point to any specific language by the court that supports that approach, or is otherwise inconsistent with McGowan's argument that the court was instead using "sentence" in the more technical way that supports his argument. Accordingly, we conclude that, looking only at the sentencing court's statements that directly touch on the question of consecutiveness, those statements are ambiguous.

¶11 If a sentencing pronouncement is ambiguous as to whether it is concurrent or consecutive, we may attempt to ascertain the sentencing court's intent from other parts of the record, including the judgment of conviction itself, and determine whether the presumption of concurrence is rebutted. *Oglesby*, 292 Wis. 2d 716, ¶¶20-21. In this case, we conclude, for three reasons, that the court intended to make the probation term consecutive to McGowan's federal sentence.

¶12 First, we note the absence of any separate statement by the court expressly saying that the probation term would be concurrent with the federal sentence. If the court had actually intended that the probation term be concurrent, in contrast to the jail terms that it was then expressly making consecutive to his federal sentence, we would expect the court to have made this distinction clearly. We would not expect the court merely to rely on a presumption that, if it was silent as to consecutive or concurrent probation, the default status would be concurrent. This is especially true when, after the court pronounced sentence here,

it was then questioned by counsel on this point, and thus prompted to repeat and clarify it.

¶13 Second, we rely in part on information and argument that was presented to the court before the sentencing hearing and early on during the hearing. The presentence investigation report (PSI) recommended a withheld sentence and probation in the current case and, in the other case, withheld sentence and probation on all counts except for a thirty-day jail sentence on one count. The report then stated: "It is further recommended that the sentences in [this case] and [the other case] be concurrent with each other but consecutive to any other cases."

¶14 McGowan might argue that, as to that consecutive recommendation, the report's author was using "sentence" in the technical legal sense, and not also recommending consecutive probation. However, that would clearly be incorrect. That is because the agent recommended making the "sentence" in this case consecutive, while simultaneously recommending only probation in this case. Those two recommendations cannot be reconciled unless the agent was using "sentence" in the general sense that included both jail and probation. In other words, it is clear that, even though the agent recommended a consecutive "sentence" in this case, this was intended as a recommendation for consecutive probation. The agent, who appeared at sentencing, also made a statement that, while not as clear, we interpret to imply that the recommended probation would follow the federal sentence.

¶15 At sentencing, defense counsel began his argument by asking the court "to adopt the recommendations from the PSI." Later, in discussing McGowan's treatment needs, defense counsel said that, after release from federal confinement, McGowan was "only going to have three years of supervision after

that to continue this treatment *and then the probation* in this case, if you sentence him to probation…. So we would ask that you adopt the recommendations from the PSI." (Emphasis added.) It is apparent from this that defense counsel understood that the agent was recommending consecutive probation, and that this was also the defense request to the court.

¶16 Based on these statements from the PSI and defense counsel, we can see that the context in which the sentencing court later discussed probation was one in which it was likely understood by all concerned that the recommendation from the agent and the defense was for consecutive probation. To conclude now that the court actually intended to order concurrent probation would be to conclude that the court ordered a disposition even more favorable to the defense than the defense requested, and that the court did so without expressly acknowledging as much. We regard this as a much less likely intent of the court than an intent to conform to the agent and defense recommendations.

¶17 Finally, we rely on the judgment of conviction that was entered soon after sentencing. It said in relevant part: "The sentences in [this case] and [the other case] are to be served concurrent with each other, but consecutive to any other sentences to include Federal Court Case 21CR207 and may be served in the prison system." McGowan argues that, like the transcript, this judgment shows a consecutive intent only as to the "sentences," not the probation. However, this argument fails for the same reason that it would have failed as to the recommendation in the PSI report. The judgment expressly refers to a "sentence" in this case, while simultaneously ordering only probation, which makes sense only if "sentence" was being used in the general sense that includes both probation and confinement. Accordingly, the judgment shows an intent that the probation ordered in this case be consecutive.

## II. RETURN OF PROPERTY UNDER WIS. STAT. § 968.20.

¶18    McGowan's second argument is that the circuit court erred by denying his motion for return of cash that was seized during the traffic stop that led to the felony bail jumping conviction in this case. To decide the motion, the court heard testimony from a state trooper, who described finding approximately $6,000 in cash in McGowan's vehicle, along with a partly smoked "joint," commercially packaged marijuana, and a digital scale with possible marijuana shake on it. The court concluded that the money was contraband and therefore not subject to return.

¶19    On appeal, the parties first dispute whether the burden of proof should be preponderance of the evidence or clear and convincing. After accepting the circuit court's credibility assessments of witnesses and the weight to be given to their testimony, whether a party has met its burden of proof presents an issue of law. *Jones v. State*, 226 Wis. 2d 565, 596-97, 594 N.W.2d 738 (1999). In this appeal, there is no dispute about witness credibility or weight, and therefore only an issue of law is presented. We assume, without deciding, that McGowan is correct that the proper burden is clear and convincing.

¶20    We conclude that the State met this burden through the trooper's testimony. The trooper testified that the cash was banded, and that this is indicative of illegal activity. The scale indicates the type of illegal activity that the cash was connected with, as does McGowan's possession of marijuana.

¶21     For the reasons stated above, the judgment of conviction and order denying postconviction relief are affirmed.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

9